RUSSELL *et al. v.* MOHR–WEIL LUMBER COMPANY.

A sheriff's sale of property to the plaintiff in the execution under which the sale was had should, upon the subsequent setting aside of the judgment on which such execution was issued, be itself annulled and declared void upon a proper petition filed by the defendant in execution, unless he consented to or acquiesced in the sale; and this is so though he, on suing out a bill of exceptions to have that judgment reviewed by the Supreme Court, failed to obtain a supersedeas, and the sale took place while the case was pending in that court.

Argued January 9,—Decided February 7, 1902.

Petition to set aside sale. Before Judge Roberts. Wilcox superior court. May 22, 1901.

*Eldridge Cutts* and *Hal Lawson*, for plaintiffs in error, cited: 1 *Ga.* 1; 9 *Ga.* 256; 41 *Ga.* 410; 82 *Ga.* 763.

*Hardeman, Davis, Turner & Jones, O. J. Wimberly*, and *E. H. Williams*, contra, cited: 28 Am. Dec. 363; 6 Peters, 17; 17 Am. & Eng. Enc. L. (2d ed.) 899, 1019; 78 Am. Dec. 556; 86 Am. Dec. 793; 15 Am. St. Rep. 827; 17 Am. St. Rep. 869; 65 Ala. 358; 1 Cranch, 117; 14 Howard, 52; 11 *Ga.* 413; 57 *Ga.* 214; 82 Ala. 500; Civil Code, § 4856; 102 *Ga.* 50.

LUMPKIN, P. J.    As a result of complicated litigation between the Mohr-Weil Lumber Company and A. B. & M. B. Russell, the latter obtained against the former a judgment for a considerable sum.    This judgment was set aside by this court at the October term, 1899.    See 109 *Ga.* 579.    While the case was pending here, the Russells caused an execution issued upon the judgment mentioned to be levied upon certain property.    The same was sold, and they became the purchasers.    After the judgment of this court

48

was certified to the trial court, the lumber company filed a petition to set this sale aside, and on the hearing thereof an order setting the sale aside was granted. To this the Russells excepted, and the sole question presented by their bill of exceptions is whether or not this order was properly granted.

When the original judgment against the lumber company was rendered and it brought the case here, it did not sue out a supersedeas, and the plaintiffs in error insist that for this reason the sale should stand. We have little difficulty in reaching the conclusion that the trial judge rightly held to the contrary. By failing to sue out a supersedeas, the lumber company merely lost its right to have the judgment suspended while under review by the Supreme Court. If the plaintiffs in that judgment chose to press the same, they did so at their own risk. In other words, they took the chances of obtaining from this court an affirmance of their judgment. As it was reversed, set aside and rendered entirely nugatory, it follows as an inevitable consequence that the sale to themselves had thereunder must fall to the ground.

*Judgment affirmed. All the Justices concurring.*