No. 7.—JOHN BIGBY, plaintiff in error, vs. GEORGE POWELL, Administrator of John B. Russell, defendant in error.

[1.] If the main judgment be reversed, upon writ of error, the subsequent judgment dependent thereon, is vacated; or if a judgment is given against *executors* in an action of debt, and a judgment be afterwards given against them, to have execution of their proper goods, and the first judgment be reversed, upon writ of error, the last judgment will be set aside.

[2.] So if a judgment ordering a new trial, be reversed upon writ of error, the judgment on the new trial is thereby annulled; and the party succeeding therein, shall have no fruit thereof.

Trover, in Coweta Superior Court—motion to enter up judgment. Decided by Judge HILL, September Term, 1853.

In this case, the following statement of facts was agreed upon by counsel for the parties, in the Court below:

"At the March Term, 1847, of the Superior Court of Coweta county, John Bigby instituted an action of trover, against John B. Russell, for the recovery of three negroes. At the September Term, 1847, plaintiff confessed judgment, for cost of suit, and took an appeal. At the September Term, 1850, a trial was had, and the Jury found for defendant. Upon this verdict, no judgment was entered up. At the same Term, a a rule *nisi* for a new trial was granted, and the same continued. Russel died, and George Powell became his administrator, and was made a party in the said rule *nisi*. At the March Term, 1853, the rule was heard, made absolute, and a new trial awarded. At the same Term, a trial was had, and the Jury rendered a verdict in favor of the plaintiff, "for

$1300, which might be discharged by the delivery of two of the negroes, (the third being dead,) and $799 87½ cents for hire—on which, a judgment was entered up, on the 15th day of March, 1853. On the 19th day of March, the defendant, Powell, delivered up the two negroes, and agreed to pay up the balance of the judgment in a short time, if an execution was not issued, which he did.

On the 15th day of April, counsel for defendant, Powell, presented to Judge HILL a bill of exceptions, to the rule absolute, granting a new trial, which was certified and signed; and a writ of error was taken to the Supreme Court, at August Term, 1853, at Decatur, carrying up that portion of the record and proceedings in the cause, up to the time of granting the new trial, and no more. The Supreme Court reversed the rule granting the new trial. And upon the remititur being brought into the Superior Court, at September Term, 1853, the judgment of reversal was made the judgment of said Superior Court. Whereupon, counsel for the defendant, Powell, moved the Court to enter up judgment, *nunc pro tunc*, upon the verdict rendered in favor of the defendant, at the September Term, 1850.

Counsel for the plaintiff objected. The Court over-ruled the objection, and allowed the judgment to be entered up; to which ruling of the Court, counsel for plaintiff excepted.

SIMS & HAMMOND, for plaintiff in error.

McKINLEY & WARNER, for defendant in error.

*By the Court.*—LUMPKIN, J., delivering the opinion.

[1.] Was the Circuit Court right, in allowing the *nunc pro tunc* judgment to be entered up ?

On the one hand, it is contended, that Powell, the administrator of Russel, having taken no steps to prevent the new trial from proceeding, either by moving to continue the cause, or suing out at once a writ of error, with a *supersedeas*, there-

Bigby *vs.* Powell, adm'r, &c.

by elected to take the chance of having his rights properly adjudicated on the new trial; and is thus estopped from prosecuting, subsequently, his writ of error, to the previous judgment of the Court, ordering a new trial. In other words, that this was a release of errors.

Further, it is insisted, that the reversal by this Court, at Decatur, of the rule absolute, granting a new trial, did not invalidate the verdict and judgment obtained on the new trial; that this latter proceeding was not dependent upon any other; and consequently, could not be affected by their being set aside and annulled.

To this, it is replied, that the defendant was not the actor in the case; that he was brought into Court, and kept there *in invitum*, and that he was entitled to resist the plaintiff's suit by any and every means in his power; and that failing to defend himself successfully against the action of trover on its final trial, he had the right, within the thirty days allowed him by law, to sue out his writ of error, for a reversal of the rule absolute, allowing the new trial; that the plaintiff, who had the control of the case, proceeded at his peril, and with a full knowledge of the legal rights of his adversary, in this respect; and that the rule absolute, granting the new trial, having been reversed by this Court, it vacates entirely all the subsequent proceedings consequent thereon, and re-instates the parties respectively, precisely to the positions in which they would have stood, if the rule *nisi* for a new trial, had been refused instead of allowed.

Moreover, it is argued, that admitting that the administrator of Russel, by submitting to a new trial, had thereby waived the error alleged to have been committed in granting the new trial, still, the proper time, and the only *time* when advantage could have been taken of this, was by motion to dismiss the writ of error, when it came up to be heard in August last.

We propose to examine, very briefly, several propositions which are presented by this record, and which must control this case.

It will be remembered, that at the same Term when the new

trial was granted, the new trial actually took place. The plaintiff in the original action was, of course, still the moving party. The defendant was standing on his defence. It is said that he acquiesced in the trial, by expressing himself anxious to have the litigation terminated, and agreeing to go into the trial at a future day in the term, provided time was allowed him to procure the attendance of his witnesses; and that time was allowed for this purpose.

Concede all this—still, does it change the attitude of the parties? The defendant was in Court, and he must abide there, until discharged by the act of the law, or the consent of the plaintiff. Does he deprive himself of any right, by stipulating for an early trial? It may be true, and it is true, that he might, at that term of the Court, have continued the cause. It may be true, and it is true, that he might have superseded the judgment ordering a new trial, by sueing out at once his writ of error. The question is, was he bound to do so?

If the plaintiff saw fit, under the judgment for new trial, which he had erroneously obtained, to press the case, must he not be presumed to have done so, with a full knowledge of the law, that it was competent for the defendant, yet within the thirty days allowed him, to present his bill of exceptions to the new trial judgment, and have the same reviewed?

But admit, *ex gratia,* that the defendant, by submitting to the new trial, waived his right to a writ of error, when was the proper time for the plaintiff to have availed himself of this objection? We are clear, that it was when the defendant came before this Court, to be heard upon his writ of error. If he had waived his right to this remedy, then, unquestionably, was the proper time for the objection to be taken.

But it is suggested by counsel, that this was impossible; that the facts could not have been placed upon the record then, which are now presented, and which are necessary for the right adjudication of this question. We do not think so. Not only was the record defective, when this case came before us last August—stopping as it did, at the granting of the new

trial, when it should have contained a complete transcript of the entire record, to the end of the new trial, and which it was entirely within the power of the defendant in error to have procured, by suggesting a diminution of the record, but the bill of exceptions was equally defective. It should have contained every material fact which is set forth in the present bill of exceptions. Did not these facts all transpire in the cause?—And all, too, before the first bill of exceptions was certified and signed. Why, then, did the narrative of facts, as well as the record, stop with the rule absolute, for a new trial? Had the bill of exceptions, in the former case, and the transcript of the record, been full and complete, then every matter would have been judicially before this course, which was necessary for a proper understanding and determination of the whole case; and that, too, without resorting to *aliunde* testimony. That they were not, may be the misfortune of the plaintiff in error. I do not say that the decision in this case might have been different, if the point had been presented at the proper time.—Candor forbids that, with the views which I now entertain of this subject, notwithstanding my first impressions were that way.

And now, then, the objection that Powell laid by and took the chances of a verdict upon the new trial, and failing in that, resorted to his writ of error, may be retorted with effect upon the other side. He waives the preliminary objection to the entertainment of the writ of error—takes the chances of having the judgment of the Court below, granting a new trial, *affirmed;* and failing in that, he seeks now to deprive his adversary of the benefit of the judgment awarded in his favor by this, Court.

Much has been said in the argument, as to the nature and effect of the judgments which have been rendered in this case. It is urged, that the verdict and judgment upon the new trial, are wholly independent of everything else; and that, although the judgment ordering a new trial may fall, that these will remain intact. And it is rather singular, that counsel on both sides, not only agree as to the legal principle, but read the

same cases in support or illustration of it, to wit: that if the main judgment be reversed, all dependent judgments fall with it.

If a judgment *de bonis testatoris* is vacated, the subsequent judgment, *de bonis propriis,* must fall to the ground; so if a judgment be reversed on a former judgment, and the first judgment is set aside, the last judgment falls likewise; by the reversal of the original judgment, the outlawry depending thereupon, shall also be reversed, &c. But they differ as to the application of this rule, to the facts of this case. It is denied by the plaintiff in error, that the judgment granting the new trial, is the foundation of the judgment on the new trial.

[2.] We think it indisputable, that the order granting the new trial, is the only foundation to support the judgment on the new trial. Without the one, the other never could have been obtained. The law provides for but two trials. Two trials, in this case, had already been had; and a third could only take place by allowing a new trial. If the judgment authorizing a new trial be reversed, there is no basis on which the future proceeding can rest.

Suppose a motion be made to dismiss an appeal from the verdict of a Special Jury, if you please, on a new trial, which is denied, and the appeal is forced to trial, and a verdict is rendered in favor of the appellant; and the decision refusing to dismiss the appeal is reversed on writ of error, on the ground that an appeal does not lie from the verdict of a Special Jury, in a new trial—does not the appeal judgment go with it? We hold that it does; and that is an analagous case.

The record in this case is left, then, just as though the new trial had been disallowed, and not another entry had been made subsequent to that time. And there being nothing in the way, the Court was right in permitting counsel for Powell to enter up judgment, *nunc pro tunc,* upon the verdict rendered in favor of the defendant in trover, at the September Term, 1850, of Coweta Superior Court.

It has been suggested that by allowing this to be done, intermediate rights and liens might be prejudiced. The record

before us presents nothing of this sort. The case made is between the original parties; when third persons complain, it will be time enough to consider their rights. But this is not the time nor the occasion for that purpose. *Ad constitutam diem tempus que non venitur.*

Upon a full consideration of all the circumstances in this somewhat novel case, our opinion is that the judgment of the Court below be affirmed.