ANDREW T. FINNEY, plaintiff in error, *vs.* TOMMEY & STEWART, defendants in error.

Two cases were pending between the same parties. They were submitted together to the Court upon an agreed statement of facts. The Court dismissed one case and allowed a judgment to be taken in the other. The plaintiffs excepted to said judgment, and brought the same for review to this Court, and obtained a reversal. The legal effect of this reversal was to leave no judgment in the Superior Court, and to place the parties in the same position in which they were before the submission.

Judgments. Before Judge HOPKINS. Fulton Superior Court. October Term, 1872.

This is the second time this case has been before the Supreme Court: See 45 *Georgia Reports*, 155.

For the facts, see the decision.

L. J. WINN, for plaintiff in error.

HILL & CANDLER, for defendants.

WARNER, Chief Justice.

The error complained of in this case is that the Court below overruled the defendant's plea in bar of the plaintiff's suit and ordered the same to be stricken. It appears from the record that the plaintiffs had sold goods to the defendant, and had instituted a suit on a part of the account in a Justices' Court, (to-wit,) for the sum of $88 47, and obtained judgment therefor, from which judgment an appeal was taken to the Superior Court. It also appears that the plaintiffs subsequently instituted suit against the defendant in the Superior Court for the balance of their account, to-wit: for the sum of $121 37. Both cases were pending in the Superior Court, the one on the appeal, the other on the common law docket. The defendant filed a plea in abatement of the pendency of a former suit for the same account to the last action instituted in the Superior Court, but did not file it at the first term of the Court. The parties entered into an agreement to submit the two cases together to the decision of the Court upon an agreed statement of facts. On hearing and considering the two cases, as submitted by the parties on the agreed statement of facts, the Court dismissed the suit instituted in the Superior Court for the recovery of that portion of the account included therein, and allowed a judgment to be taken in the other case, which is now pleaded in bar. From that judgment of the Court the plaintiffs sued out a writ of error to this Court, and upon the hearing thereof the judgment of the Court below was reversed, the legal effect of which was to place the two cases exactly in the same position as they were when submitted to the judgment of the Court by the agreement of the parties. There was no final judgment then which the defendant could have pleaded in bar of the plaintiff's action. The judgment of the Court covered both cases submitted under the agreement, and when that judgment was re-

versed there was no judgment in existence to be pleaded in bar, and if one had been entered up in the appeal case the judgment of reversal by this Court vacated it. There was no error in striking the defendant's plea in bar on the statement of facts disclosed by the record.

Let the judgment of the Court below be affirmed.