## 35875. McKay *v.* McKay.

GARDNER, P. J. 1. "Temporary alimony pending an action for permanent alimony, does not cease with the verdict and judgment in the superior court, where the case is brought to the Supreme Court, but continues (within the discretion of the court) until the termination of the litigation in all the courts." *Holleman* v. *Holleman,* 69 *Ga.* 676. See also *Osborne* v. *Osborne,* 146 *Ga.* 344 (91 S. E. 61); *Aud* v. *Aud,* 199 *Ga.* 714 (4) (35 S. E. 2d 198); *Powell* v. *Powell,* 200 *Ga.* 379, 382 (37 S. E. 2d 191); *Twilley* v. *Twilley,* 195 *Ga.* 297 (24 S. E. 2d 46).

2. A wife, by accepting payments for alimony or child support in sums fixed by the jury on the trial of the case, is not estopped to complain of the verdict and decree therein. *Coley* v. *Coley,* 128 *Ga.* 654 (58 S. E. 205; *Fried* v. *Fried,* 209 *Ga.* 854 (4) (76 S. E. 2d 395).

3. The legal effect of the reversal of a judgment on appeal is to nullify the effect of such judgment in all its aspects and place the parties in the same position in which they were before such judgment. *Bigby* v. *Powell,* 15 *Ga.* 91; *Finney* v. *Tommey,* 50 *Ga.* 140; *Buchanan* v. *Hieber,* 78 *Ga. App.* 434 (50 S. E. 2d 815). Where a second judgment reversing a first

is itself reversed, the first is reinstated. *Ragan* v. *Cuyler*, 24 *Ga.* 397. Actions taken under a judgment subsequently reversed will be annulled whether or not a supersedeas was sued out at the time. *Russell* v. *Mohr-Weil Lumber Co.,* 114 *Ga.* 753 (40 S. E. 709).

4. Applying the rules of law above stated, and applying the rules of law stated in headnote 3 where judgments are reversed by an appellate court to like situations where the verdict and decree are set aside on motion by the trial court, it follows that where, as here, there is a valid and subsisting judgment ordering certain sums paid by the husband to the wife as temporary alimony, such judgment unless modified or rescinded by the trial court continues until the final disposition of the case, including disposition of motions to modify and set aside, motions for a new trial, and writs of error on appeal. In the present case, where on the trial of the divorce action a verdict was rendered finding against the wife's claim for permanent alimony, and awarding $65 per month for support of the minor child, and such verdict and the decree entered up pursuant thereto were subsequently set aside by the trial court on petition of the wife to modify and set aside the judgment, such action had the effect of continuing in force and effect the prior order of the court awarding $75 per month for support of the child and $60 per month to the wife as temporary alimony, and the wife had the right to enforce payment of the unpaid sums under such temporary alimony action during the pendency of the case and until final disposition, by levy of execution. Since the affidavit of illegality to the levy, which was traversed by the wife, and which set up as a defense only the existence of the verdict and decree between the dates of September 16, 1953, when it was rendered and January 27, 1954, when it was set aside, did not provide a legal defense against the levy, the court did not err in directing a verdict in favor of the wife on this issue, thus allowing the levy to proceed for a sum equal to the difference between the sums due between these dates under the temporary alimony order and the sums which had actually been paid pursuant to the provisions of the verdict and decree until the latter were set aside.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

DECIDED OCTOBER 6, 1955—ADHERED TO ON REHEARING NOVEMBER 16, 1955.

*Edward F. Taylor, David L. Mincey,* for plaintiff in error.
*Bell & Bell, Carlisle & Edwards,* contra.