111 Ga. App. 851 (1965)
143 S.E.2d 518
PATTON
v.
THE STATE.
41358.
Court of Appeals of Georgia.
Submitted June 8, 1965.
Decided June 15, 1965.
*852 Harbin M. King, for plaintiff in error.
Jere F. White, Solicitor General, contra.
NICHOLS, Presiding Judge.
1. In the recent case of Fair v. Balkcom, 216 Ga. 721, 728 (119 SE2d 691), after deciding that a writ of habeas corpus should have been granted because the prisoner had been denied the right of counsel, the Supreme Court held: "The petitioner is not entitled to be released. He must face the charges against him. He is hereby remanded to the custody of the respondent prison warden, who is hereby ordered to deliver him to the custody of the Sheriff of Early County, Georgia, for further proceedings in the superior court of that county. Let the plea of guilty be withdrawn; let the judgment and sentence of the Superior Court of Early County against this petitioner be vacated and set aside; and let the accused be arraigned as though no plea had been entered." Accordingly, the contention of the defendant in the present case that he could not be tried after having obtained his release by writ of habeas corpus because such would be double jeopardy is without merit and the trial court did not err in overruling his plea in bar based on the prior trial.
2. The evidence adduced on the trial of the case authorized the jury to find that the defendant and another broke a window in an attempt to gain entrance into the prosecutor's place of business before being interrupted by the prosecutor. There was also evidence that burglary tools were found nearby. The evidence *853 authorized the verdict and the trial court did not err in overruling the defendant's motion for new trial based on the usual general grounds only.
Judgment affirmed. Eberhardt and Pannell, JJ., concur.