## 33953. YOUNG v. RICKETTS.

UNDERCOFLER, Presiding Justice.

Charlie Young was convicted of murder and sentenced to death. We affirmed in *Young v. State,* 237 Ga. 852 (230 SE2d 287) (1976). In this habeas corpus proceeding, Young charges ineffective assistance of counsel and contends there was error in the charge during the sentencing phase of his trial relative to mitigating and aggravating circumstances. He appeals the denial of the habeas petition. We affirm.

1. Young contends his retained counsel was ineffective, arguing he failed to investigate the case properly and prepare for trial; deprived him of a fair trial by deliberately waiving his right to an independent Jackson-Denno hearing; refused to let Young take the stand to testify in his own defense, particularly during the sentencing phase, and failed to request a charge by the court during the sentencing phase as a mitigating circumstance that Young has no previous criminal record.

(a) No evidence was introduced by Young to show that the investigations by his attorney, an assistant counsel, a private investigator and a private psychiatrist were inadequate to determine legal defenses available or to prepare for trial.

(b) The evidence shows Young voluntarily answered all questions of officers concerning the details of the killing of Reuben Flynt after reading a full recital of Miranda warnings, including the right to have counsel present prior to questioning. Four days later, he also voluntarily signed a release permitting officers to search an automobile he used in Union City from which they recovered the .22 caliber pistol, bloody clothing and other evidence of the crime. Even now, he does not claim the statement was involuntary or coerced. Having shown no cause for relief nor prejudice resulting from the waiver by counsel, we hold he cannot now assert denial of this federal constitutional claim in a state habeas corpus proceeding. Wainwright v. Sykes, 433 U. S. 72 (97 SC 2497, 53 LE2d 594) (1977).

(c) Appellant contends his counsel was guilty of

"inexcusable neglect" in refusing his request to let him take the stand and testify in his own behalf. He states there is a trend to find the right to testify in one's own defense is a constitutionally guaranteed personal right which cannot be unilaterally waived by counsel; however, he concedes this is still a holding among a minority of courts, and he cites Winters v. Cook, 489 F2d 174, 179 (6) (5th Cir. 1973) as endorsing this view.[1] We do not subscribe to this view.

A complaint against appellant's privately retained counsel that he ". . .should have advised appellant to take the witness stand at the trial . . . involved a question of trial strategy. . ." Hayes v. Russell, 405 F2d 859 (6th Cir. 1969). Accord, United States v. Dingle, 546 F2d 1378 (10th Cir. 1976); Sims v. Lane, 411 F2d 661 (7th Cir. 1969); Hudgins v. United States, 340 F2d 391 (3d Cir. 1965); Newsom v. Smyth, 261 F2d 452, 454 (4th Cir. 1958); United States v. Garguilo, 324 F2d 795 (2d Cir. 1963); Palakiko v. Harper, 209 F2d 75 (9th Cir. 1953). But see United States v. Johnson, 555 F2d 115 (3d Cir. 1977).

Young voluntarily confessed to the murder of Reuben Flynt and does not claim the confession was coerced. Other evidence overwhelmingly pointed to his guilt. He was articulate, college-trained and alert. Though no grounds were available to pursue a special plea of insanity, the transcript of the original trial and of the habeas corpus hearing shows counsel nevertheless consistently pursued the strategy during trial that Young was "crazy" and not responsible when he committed the crime. There is evidence Young asked counsel before and during trial if he would be permitted to testify and that counsel each time told him he would not be permitted to do

---

[1]A list of fundamental personal rights which cannot be unilaterally waived by counsel is listed in Winters v. Cook, supra, which was taken from Developments —Federal Habeas Corpus, 83 Harvard Law Rev., p. 1111, n. 102 (1970). This source states that among these rights is "perhaps" the right to testify personally. (Emphasis supplied.) In Winters v. Cook, the opinion did not carry "perhaps" forward.

so for reasons later expressed to assistant counsel: "Whatever he said would inflame the jury. Hack them off." Following the return of the verdict sentencing him to death, appellant was permitted to make a statement, cumulative of character evidence already introduced by counsel during trial, in which he urged he was of good character before the crime; had a family and did not want anyone to believe he was a robber, murderer, extortionist or thief who had to steal, even though the verdict characterized him that way. We think the decision by trial counsel not to call Young to the stand was a matter of sound trial strategy, adopted to further the best interests of his client. See Kaplan v. Bombard, 573 F2d 708 (2d Cir. 1978); United States v. Garguilo, supra. A case may arise where the refusal by counsel to put the defendant upon the stand would require a finding of ineffective assistance of counsel; however, we do not find such circumstances present in this case. Cf. *Green v. State,* 242 Ga. 261 (1978). We find no error.

(d) A specific charge citing Young's lack of a prior criminal record was not demanded here. His retained attorney repeatedly solicited from a series of state witnesses at trial that Young had no prior criminal record other than traffic violations; that he was of good character prior to this crime, and that Green County Sheriff Wyatt had personally written a recommendation for Young earlier. All of this evidence in mitigation was before the jury during the sentencing phase of the trial.

After carefully reviewing the record and transcript of Young's trial and the transcript of the habeas hearing, we conclude the habeas court was correct in holding counsel for Young provided reasonably effective assistance. *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515) (1974).

2. The trial court did not fail to instruct the jury they could consider as a mitigating circumstance Young's lack of prior convictions. The judge charged the jury to consider all the evidence before them and he further charged in the language of Code Ann. § 27-2503 (formerly § 27-2534), thus instructing the jury to consider evidence in extenuation, mitigation and aggravation of punishment, including the record of any prior criminal convictions *or the absence of any convictions.*

The court also did not fail to make clear to the jury they could recommend a life sentence even if they found the existence of a statutory aggravating circumstance. "The ultimate test is whether a reasonable juror considering the charge as a whole would know that he should consider all of the facts and circumstances of the case as presented during both phases of the trial (which necessarily includes any mitigating and aggravating facts), and then, even though he might find one or more of the statutory aggravating circumstances to exist, would know that he might recommend life imprisonment." *Spivey v. State,* 241 Ga. 477, 481 (246 SE2d 288) (1978). A careful review of the entire charge of the court during the sentencing phase of the trial shows the judge instructed the jury they could consider all the evidence, and the charge, taken as a whole, meets the test set out in *Spivey,* supra. *Hawes v. State,* 240 Ga. 327 (240 SE2d 833) (1977) and *Fleming v. State,* 240 Ga. 142 (240 SE2d 37) (1977) are distinguishable.

3. Appellant contends the trial court erred in charging Code Ann. § 27-1902 (Armed Robbery), and then commenting "the general definition of a capital felony is one when the death penalty is a possible punishment that the defendant may receive for that offense." Young argues this instruction persuaded the jury that armed robbery was a heinous crime for which the death penalty could be imposed, and this incorrect statement of the current law was highly prejudicial, depriving him of a fundamentally fair trial. After considering the statement in context and the charge as a whole, we find no harmful error. We no longer permit a death penalty for armed robbery alone (*Collins v. State,* 239 Ga. 400 (236 SE2d 759) (1977)), but where the armed robber kills his victim, the armed robbery is properly before the jury as an aggravating circumstance from which a sentence of death can result. Code Ann. § 27-2534.1. *Peek v. State,* 239 Ga. 422, 432 (238 SE2d 12) (1977); *Bowden v. State,* 239 Ga. 821, 829 (238 SE2d 905) (1977).

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs specially.*

SUBMITTED AUGUST 25, 1978 — DECIDED OCTOBER 24, 1978 — REHEARING DENIED NOVEMBER 21, 1978.

*McAllister & Roberts, J. Dunham McAllister,* for appellant.

*Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Susan V. Boleyn, Assistant Attorneys General,* for appellee.

HILL, Justice, concurring specially.

I concur in the judgment for the reason that defense counsel was retained by the defendant (see *Leggett v. State,* 241 Ga. 237, 239 (244 SE2d 847) (1978). Hill, J., concurring specially) and if the defendant wanted to testify, he could have insisted that his retained attorney let him take the stand. By not doing so, he acceded to his attorney's advice and waived the right to testify. Cf. *Reid v. State,* 235 Ga. 378 (219 SE2d 740) (1975), where counsel was appointed.