## 34506. YOUNG v. THE STATE.

HALL, Justice.

Charles Paul Young appeals from his conviction of murder, for which he received a life sentence, and from the denial of his motion for a new trial. We affirm.

1. On the night of the fatal shooting, William Farrell and his wife Cheryl were returning to their home from Tennessee on Route 41. Cheryl was driving the car; the trunk was wired shut. When the trunk came open, Cheryl drove more slowly. After hearing what sounded like a firecracker, she stopped the car in the road. Behind the Farrells, Eddie Young was driving a pick-up truck; the appellant and two girls were passengers. Eddie Young stopped the truck in the road to avoid hitting the Farrells' car.

From this point, the evidence is in conflict. In appellant's tape-recorded statement to the police, which was played at trial, Young stated that Farrell got out of his car and came to the driver's side of the truck. Farrell then threatened to kill Eddie Young with a knife. When appellant intervened, Farrell walked toward him,

threatening to kill him, until appellant was backed against the truck. The gun went off, killing Farrell. The trial testimony of appellant's female companions tended to corroborate appellant's version of events.

Cheryl Farrell, however, testified that when her husband left their car, he was neither drunk nor angry nor armed. No weapons were found at the scene of the crime, and two eyewitnesses testified that they saw nothing in Farrell's hands. Mrs. Farrell, another eyewitness, identified appellant as the slayer.

Appellant urges that the trial court erred in denying his motion for new trial on the general grounds because he established, as a matter of law, that he acted in self-defense. An appellate court considers only the sufficiency and not the weight of the evidence. *Harris v. State,* 236 Ga. 766 (225 SE2d 263) (1976). The evidence, while not without conflict, authorized the jury to believe that appellant did not act in self-defense. *Proctor v. State,* 235 Ga. 720 (221 SE2d 556) (1975). The element of malice to support the conviction is implied from appellant's unprovoked attack on the victim and from the fact that appellant shot the victim four times. *Walker v. State,* 240 Ga. 608 (242 SE2d 118) (1978).

2. Three days after the killing, Cheryl Farrell and Jackie Linticum, another eyewitness, separately identified appellant in a line-up as William Farrell's killer. Cheryl Farrell again identified Young at trial as the man who shot her husband. Linticum at trial would only state that he had identified Charles Young earlier as Farrell's assailant, but that after the passage of time, he could not repeat the identification.

Young made a motion at trial to suppress the line-up and in-court identifications of him on the ground that the police line-up was unduly suggestive and that he was denied his Sixth Amendment right to have counsel present during the police line-up. The trial court held a hearing outside the presence of the jury and determined that the identifications of Young were admissible.

Appellant was not denied his Sixth Amendment right to counsel because he had no right to the assistance of counsel at a pre-indictment line-up. Kirby v. Illinois, 406 U.S. 682 (1972); *Disby v. State,* 238 Ga. 178 (2) (231 SE2d

763) (1977).

After a thorough hearing, the trial court determined that the line-up was not improperly suggestive. Simmons v. United States, 390 U. S. 377 (1968). The trial court found that the line-up consisted of six white males of the approximate age and size of defendant. A color photograph in the record of the line-up supports this determination. Both witnesses testified that they were taken separately to view the line-up and that the police made no suggestions to them as to the identity of the slayer. Under these circumstances, the line-up was not suggestive.

Appellant's second enumeration of error is without merit.

3. Appellant also argues that the trial court erred in admitting into evidence his incriminating and involuntary statement. Young contends that he made the statement because police officials promised that if he did so, he would be released on bond and his brother would not be arrested and because the police threatened that if he refused to make a statement, a fugitive warrant would be issued for him. The use of threats or promises to coerce a criminal defendant to make a statement is contrary to state law (Code Ann. § 38-411), and to federal constitutional law. Jackson v. Denno, 378 U.S. 368 (1964).

After a hearing held outside the presence of the jury, the trial court ruled that appellant's statement was admissible. The sheriff and investigating officer testified that no threats or promises had been made to Young to induce him to make a statement. The record contains a signed form in which appellant acknowledged that he was aware of his right to remain silent and of his right to have counsel present and waived those rights. Factual and credibility determinations made by a trial judge after a suppression hearing are accepted by appellate courts unless clearly erroneous. *Johnson v. State,* 233 Ga. 58 (209 SE2d 629 ) (1974).

The trial court's determination that Young's statement was admissible is supported by the evidence; appellant's third enumeration of error is without merit.

4. The state's failure to produce half of the victim's

shirt, Young argues, denied him due process. He contends that the missing half of the shirt contained bullet entry holes which would have shown powder marks indicating a short muzzle-to-target distance, thereby supporting his claim that Farrell was advancing toward him and that he shot Farrell in self-defense. The shirt half with bullet holes was evidently lost through inadvertence by the State Crime Lab or the police.

In Brady v. Maryland, 373 U.S. 83, (1963), the Supreme Court stated, "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." The court has also stated that to constitute a due process violation, the evidence must be both favorable to the defense and material. Moore v. Illinois, 408 U. S. 786, 794-5 (1972); *Stevens v. State,* 242 Ga. 34, 36 (247 SE2d 838) (1978).

The assistant director of the State Crime Lab was the state's expert witness. He testified during cross-examination that the muzzle-to-target distance of two of the four wounds was 2-2 1/2 feet, if the victim's shirt had been unbuttoned at the neck. The testimony of two other witnesses indicated that the victim's shirt had been unbuttoned. The expert witness also stated that the most accurate method of determining muzzle-to-target distance was through test firing the gun. The gun used in this killing was never recovered.

Because a reliable muzzle-to-target distance was established, any evidence from testing the shirt would have been, at most cumulative. Moreover, the shirt half would be a less reliable indicator of muzzle-to-target distance than tests of the gun. The shirt half is neither sufficiently probative nor material for its loss to constitute a denial of due process.

5. Appellant also contends that the trial court erred in its charge to the jury on flight. The charge was authorized by the evidence. *Hampton v. State,* 238 Ga. 608, 610 (234 SE2d 521) (1977). Upon careful consideration of the entire charge, we can find no error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 19, 1979 — DECIDED APRIL 5, 1979 — REHEARING DENIED APRIL 24, 1979.

*William Ralph Hill, Jr.,* for appellant.
*William M. Campbell, District Attorney, C. Donald Peppers, Assistant District Attorney, Arthur K. Bolton, Attorney General, Michael R. Johnson,* for appellee.