## 36882. HOLT v. THE STATE.

SMITH, Justice.

Appellant was convicted of murder and sentenced to life imprisonment. He raises three enumerations of error—that the evidence does not support the verdict, that the trial court erred in failing to charge on misfortune or accident, and that the court erred in instructing the jury that "felonious manslaughter," if any, would be the felony which would invoke the felony murder rule. We affirm.

1. Appellant asserts that the evidence does not support the verdict. We cannot agree.

Appellant was indicted for malice murder and cruelty to children. The trial court charged the jury on malice murder, felony murder and cruelty to children. See *Phelps v. State,* 245 Ga. 338 (1) (265 SE2d 53) (1980). *Burke v. State,* 234 Ga. 512, 514 (216 SE2d 812) (1975). A verdict was returned in which appellant was found guilty of "murder." "Because of the failure of the jury to specify under what theory the defendant was found guilty of murder, the defendant must be given the benefit of the doubt..." *Casper v. State,* 244 Ga. 689, 696 (261 SE2d 629) (1979). We shall therefore review the sufficiency of the evidence with respect to both malice murder and felony murder.

The victim was a 23-month-old boy named Darius Shaw. Appellant was his uncle. The child was spending the weekend with appellant and his wife. On Monday morning, June 26, 1980, emergency medical technicians arrived at the Holt's home and found the child dead. The body "was already stiffening up."

A post mortem examination was conducted several hours afterward. It revealed that the child had suffered multiple bruises and abrasions on its head, chest, back and abdomen. The child's abdominal cavity had filled with blood. Several internal organs in the abdominal region were bruised. With the exception of a single injury on the forehead, which resulted from a fall several weeks earlier, all of the injuries were inflicted within 24 hours of the child's death. According to the examining physician, the child's injuries could not have been accidentally inflicted. The cause of death was determined to be "inter-abdominal hemorrhage due to blunt injury to the abdomen."

Although the child was not always easy to control, appellant's sister-in-law testified that appellant was the "one person" who was "able to really control Darius' behavior and activities." Appellant readily assumed the role of disciplinarian. His sister-in-law stated that appellant had once said that "he couldn't wait to get his hands on the baby." She testified that when the child saw appellant, "[h]e would run and hide. He would run somewhere and sit down. Nobody

would have to tell him." Other witnesses corroborated her testimony regarding the child's fear of appellant.

On June 24, 1980, appellant and his wife picked up Darius at his mother's house. Appellant's sister-in-law was sitting on the porch. She observed the following: "Labrinzo [appellant] and Deborah [appellant's wife] drove up and Pamela [the child's mother] was taking him down the steps. He wasn't crying at first, so Pamela put him in the car and he started screaming and hollering, and Pamela went to the other side, and Darius came to the window and was reaching for Pamela. He was screaming. He was trying to get out of the window." This was not normal conduct for the child.

Saturday and Sunday, June 24 and 25, were uneventful. In a tape recorded statement, appellant told the police that, at approximately 3:00 a.m. on Monday morning, he was watching television. Darius, who was sleeping next to him on the living room sofa, awoke and regurgitated twice. At approximately 5:30 a.m., appellant went to bed. Shortly thereafter, Darius awakened him. Appellant took Darius to the bathroom. Darius was then taken to the living room, where he defecated in his pants. Appellant admitted hitting Darius' derriere with a belt "five, six, maybe seven times," but denied hitting him on the head or with a belt buckle. Appellant told the police: "I took him and I said, 'Let's go and get this stuff off of you.' I pulled his pants off in the living room, and we were walking back through the hallway going back to the bathroom. He was walking as normally. I had his hand walking with him and all at once it was like he lost his footing. He just slumped. When he did that, his eyes—his head fell back and his eyes were in the top of his head . . . I was trying to get him to stand up and he wouldn't stand up." Appellant woke up his wife and told her to call the hospital. When medical emergency technicians arrived, the child was dead.

The basis of appellant's appeal on the general grounds is that the state failed to carry its burden of proof on the issues of 1) causation and 2) malice. Appellant's contentions in this regard are based upon the assumption that the state has only proved that appellant administered a spanking to the child. In our view, this assumption is erroneous. The evidence authorized a finding that the child was under appellant's control and no one else's when it received a fatal beating. Expert medical testimony established that a "blunt injury to the abdomen" was the cause of death. The element of malice, required in varying degrees under both Code Ann. § 26-1101 (a) *(Tucker v. State,* 245 Ga. 68, 70 (263 SE2d 109) (1980)) and Code Ann. § 26-2801 (b) *(Murray v. State,* 135 Ga. App. 264 (217 SE2d 293) (1975)), could properly be implied from the circumstances surrounding the homicide. See *Young v. State,* 243 Ga. 546, 547 (255

SE2d 20) (1979); Kurtz, Criminal Offenses in Georgia, Homicide, p. 151.

The jury verdict, whether it constitutes a finding of felony murder (based on cruelty to children (Code Ann. § 26-2801 (b))) or malice murder, was authorized by the evidence under the standards set forth in Code Ann. § 38-109, relating to convictions based upon circumstantial evidence, and Jackson v. Virginia, 433 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Jones v. State,* 247 Ga. 268, 269 (275 SE2d 67) (1981).

2. Appellant asserts that the trial court erred in failing to charge the jury on misfortune or accident. See Code Ann. § 26-602. Although no such charge was requested at trial, we may assume for purposes of this appeal that there was no waiver. "The evidence does not show accident or misfortune and it was not error to fail to charge these principles of law to the jury in this case." *Williams v. State,* 232 Ga. 203, 206 (206 SE2d 37) (1974); *Moses v. State,* 245 Ga. 180, 187 (263 SE2d 916) (1980); see also *DeBerry v. State,* 241 Ga. 204, 206-207 (243 SE2d 864) (1978). The spanking which appellant admitted giving the child simply could not have caused the injuries that led to its death. We note that when the medical expert who testified at trial was asked, "Is it possible that these injuries . . . were an accident in your professional opinion?" he replied, "No sir. In my opinion these injuries are quite classical in that they are not accidentally inflicted injuries." There is no evidence in the record to the contrary.

3. Appellant asserts that the following charge to the jury constitutes reversible error: "I instruct you felonious manslaughter, if any, would be the felony which would make the felony murder rule which the Court has heretofore instructed you upon." This charge was erroneous since cruelty to children, and not "felonious manslaughter," was the felony which would invoke the felony-murder rule. See *Malone v. State,* 238 Ga. 251 (232 SE2d 907) (1978); *Davis v. State,* 234 Ga. 730 (218 SE2d 20) (1975). However, under the circumstances of this case, we find no cause for reversal. The objectionable portion of the charge was immediately preceded by a lengthy charge on the offense of cruelty to children and its relationship to the felony-murder rule. The court instructed the jury: "You must find, however, before you will be authorized to find the defendant guilty of murder while in the commission of a felony that the State has shown to a reasonable and moral certainty and beyond a reasonable doubt all of the elements of the offense of cruelty to children, and that the said deceased came to his death while the defendant was committing the offense of cruelty to children upon this child."

It is clear that the trial court's reference to "felonious

manslaughter" in the instruction which followed was inadvertent. We note that, at the time this charge was given, the jury had not yet been instructed on manslaughter. The court instructed the jury on "involuntary manslaughter" later in the charge.

Approximately an hour and a half after the jury began its deliberations, it requested the court "to submit additional instructions respecting the definition of child abuse and also to be recharged on the issue of felony murder and involuntary manslaughter including battery as related to involuntary manslaughter." In its recharge to the jury, the trial court omitted any reference to "felonious manslaughter" in connection with its instruction on felony murder. The only felony charged in connection with the felony murder rule was the offense of cruelty to children.

Under these circumstances, we have no doubt that, if felony murder was the basis for the murder conviction, cruelty to children was the only underlying offense considered by the jury. See *Young v. State,* supra at 549; *Hawes v. State,* 240 Ga. 327, 333-334 (240 SE2d 833) (1977).

*Judgment affirmed. All the Justices concur, except Gregory, J., who concurs specially.*

DECIDED JUNE 2, 1981.

*Lawrence Lee Washburn III,* for appellant.

*Lewis R. Slaton, District Attorney, J. Wallace Speed, Benjamin H. Oehlert III, Assistant District Attorneys, Arthur K. Bolton, Attorney General, Harrison Kohler, Assistant Attorney General,* for appellee.

GREGORY, Justice, concurring specially.

I concur with the result reached in the majority opinion, but I do not agree with all that is said in Division 2. I believe the testimony of the defendant was sufficient to authorize a charge on accident or misfortune. However, it is noted that the defendant did not request a charge on this subject. Under these circumstances I prefer to base our opinion on the rationale of *DeBerry v. State,* 241 Ga. 204 (243 SE2d 864) (1978). The trial court in the case at hand charged on the necessity of proof of intent as it relates to murder and as to the underlying felony in felony-murder. A charge on accident would have done no more than to point out the requirement of intent. The jury necessarily found intent under these facts, and that finding precludes the factual existence of accident. In the absence of a request it was not reversible error to fail to charge the principle of accident.