39669. YOUNG v. THE STATE.

WELTNER, Justice.

Young was convicted in the Superior Court of Greene County of murder, armed robbery and robbery by intimidation. He was sentenced to death for the murder, the jury having found two aggravating circumstances: that the offense of murder was committed while the offender was engaged in the commission of another capital felony, armed robbery (OCGA § 17-10-30 (b) (2) (Code Ann. § 27-2534.1)), and that the offender committed the offense of murder for the purpose of receiving money (OCGA § 17-10-30 (b) (4) (Code Ann. § 27-2534.1)). In addition, Young received a life sentence for armed robbery and 20 years for robbery by intimidation. This Court affirmed in *Young v. State,* 237 Ga. 852 (230

SE2d 287) (1976). Young's subsequent petition for a writ of habeas corpus filed in state court was denied, and this Court affirmed. *Young v. Ricketts,* 242 Ga. 559 (250 SE2d 404) (1978), *cert. denied,* 442 U. S. 934 (99 SC 2870, 61 LE2d 304) (1979).

Young then initiated a habeas corpus proceeding in the United States District Court for the Middle District of Georgia. The district court set aside the death sentence, ruling that Young received ineffective assistance of counsel during the sentencing phase of his trial. Young v. Zant, 506 FSupp. 274 (M.D. Ga. 1980). As an additional ground for its holding, the court stated that ". . . the evidence was not legally sufficient to support the jury's finding beyond a reasonable doubt that the murder was committed *in the course of* an armed robbery or *for the purpose of* obtaining money." Id. at p. 280.

Thus, the court held that the evidence was not legally sufficient to support the jury's finding of the aggravating circumstances defined at OCGA § 17-10-30 (b) (2) and (b) (4) (Code Ann. § 27-2534.1).

The United States Court of Appeals for the Eleventh Circuit reversed, holding that Young did not receive effective assistance of counsel at *either* stage of the bifurcated trial. Young v. Zant, 677 F2d 792 (11th Cir. 1982). Young's convictions were thus reversed, as well as his death sentence.

The court of appeals recognized that the district court had found, as an alternative ground for reversal of the death sentence, that the evidence was insufficient to support the finding of the two aggravating circumstances alleged by the State. "The district court concluded that the undisputed evidence showed that Young's victim, Reuben H. Flynt, was completely incapacitated before Young formed the intent to rob him. Thus, the court reasoned, the State had failed to prove that any of the essential elements of armed robbery, the taking of property from a person 'by use of an offensive weapon,' [OCGA § 16-8-41 (Code Ann. § 26-1902)], occurred prior to the assault; nor had it shown that Young's purpose in assaulting Flynt was to obtain money.

"Curiously, the district court did not discuss the legal effect of Flynt's incapacity, and therefore Young's taking *without* 'use of an offensive weapon,' on the validity of Young's conviction for armed robbery. This might have been due to petitioner's failure to make the claim that the State's evidence was insufficient under the standard set forth in *Jackson v. Virginia,* 443 U. S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)." 677 F2d, supra, at p. 794, n. 3.

The court of appeals, having based its decision solely on ineffectiveness of counsel, did not expressly affirm the holding of the

district court with respect to the sufficiency of the evidence. However, in discussing the issue of ineffectiveness at the guilt-innocence stage of the trial, the court made this observation: "Turning to the armed robbery count, we note the district court, in assessing the sufficiency of the State's evidence of aggravating circumstances on the malice murder charge, concluded that the State did not produce sufficient evidence to permit the jury to find beyond a reasonable doubt that Young had formed the intent to rob Flynt prior to the fatal assault. *Young v. Zant,* 506 F.Supp. at 280-81. This deficiency in the evidence should have been sufficiently clear to [defense counsel] to suggest a strong argument that Young did not rob Flynt by use of an offensive weapon and thus could not be guilty of armed robbery under [OCGA § 16-8-41 (Code Ann. § 26-1902)]." 677 F2d, supra, at p. 799.

The judgment of the court of appeals' opinion reads: "The district court's denial of the writ of habeas corpus with respect to the guilt phase of Charlie Young's trial is therefore REVERSED." 677 F2d, supra, at p. 800.

Young has been re-indicted in superior court for the same offenses — malice murder, armed robbery and robbery by intimidation. The State has once again announced its intention to seek the death penalty based upon the same aggravating circumstances, and with the possible addition of OCGA § 17-10-30 (b) (7) (Code Ann. § 27-2534.1). Young filed pleas of double jeopardy in opposition to the indictment for armed robbery and the attempt to seek the death penalty again. It is from the denial of these pleas in bar that Young now appeals.

1. We conclude that the holding of *Patterson v. State,* 248 Ga. 875 (287 SE2d 7) (1982), is applicable to this case. The denial of Young's double jeopardy pleas may be appealed without application and certification, which otherwise would be required under OCGA § 5-6-34 (b) (Code Ann. § 6-701).

2. Although the district court and court of appeals were in agreement as to the invalidity of Young's death sentence, we interpret the opinion of the court of appeals as a reversal of the district court. The court of appeals held that "[a]n examination of the record of the trial makes it plain that [defense counsel] did not accord Young even a modicum of professional assistance at any time." 677 F2d, supra, at pp. 794-5. Rather than reversing in part and affirming in part, the court of appeals chose to substitute its opinion for that of the district court.

We perceive that the effect of this reversal was to nullify the entire opinion of the district court and to place the parties in the position *quo ante,* subject, of course, to the holdings of the court of

appeals. *Finney v. Tommey,* 50 Ga. 140 (1873); *Bigby v. Powell,* 15 Ga. 91 (1854); *Walker v. Dougherty,* 14 Ga. 653 (1854); *McKay v. McKay,* 93 Ga. App. 42 (3) (90 SE2d 627) (1955). See Gospel Army v. City of Los Angeles, 331 U. S. 543 (67 SC 1428, 91 LE 1662) (1947); Atlantic Coast Line R. Co. v. St. Joe Paper Co., 216 F2d 832 (5th Cir. 1954). It follows that in reviewing the denial of Young's double jeopardy pleas, we look only to the opinion of the court of appeals.

That court concluded that Young's convictions and sentences were invalid because Young did not receive reasonably effective legal assistance at either stage of his trial. "Where a prisoner obtains his freedom by writ of habeas corpus, because he was denied the right of counsel when originally convicted, he does not obtain a release exonerating him from the charges for which he was tried, but the effect of such release is to set aside any plea, verdict, sentence, etc., that may have been entered in the case and he may then be arraigned as though no prior trial, etc., had taken place." *Patton v. State,* 111 Ga. App. 853 (143 SE2d 518) (1965), headnote; see *Fair v. Balkcom,* 216 Ga. 721, 728-9 (119 SE2d 691) (1961); see Bullington v. Missouri, 451 U. S. 430 (101 SC 1852, 68 LE2d 270) (1981).

3. As noted, the court of appeals recognized the holding of the district court that the evidence was insufficient to show that Young formed the intent to rob his victim prior to the fatal assault, and concluded that "[t]his deficiency in the evidence should have been sufficiently clear to [defense counsel] to suggest a strong argument that Young did not rob Flynt by use of an offensive weapon and thus could not be guilty of armed robbery under [OCGA § 16-8-41 (Code Ann. § 26-1902)]." 677 F2d, supra, at p. 799. Young contends that this constitutes a holding by the court of appeals that the evidence was insufficient to support aggravating cirumstances (b) (2) and (b) (4) and the conviction of armed robbery. As is clear from our holding in Division 1, we do not agree. Nevertheless, were Young's contention correct, we observe that the court of appeals based its conclusions upon an inaccurate construction of state law, specifically, OCGA § 16-8-41 (Code Ann. § 26-1902), as Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), which sets out the constitutional standard for review of the sufficiency of the evidence, was not relied on by either the district court or the court of appeals.

"A person commits the offense of armed robbery when, with intent to commit theft, he takes property of another from the person or immediate presence of another by use of an offensive weapon. . . ." OCGA § 16-8-41 (a) (Code Ann. § 26-1902). In *Moore v. State,* 233 Ga. 861, 864 (213 SE2d 829) (1975), the appellant contended that ". . . there was no aggravating circumstance in [the] case because a person cannot be guilty of armed robbery if the victim is not conscious or

alive at the time of the robbery." Rejecting that argument, we said: "In *Hicks v. State,* 232 Ga. 393 (207 SE2d 30), we concluded that [§ 16-8-41] 'clearly contemplates that the offensive weapon be used as a concomitant to a taking which involves the use of actual force or intimidation (constructive force) against another person.' p. 403

"This accords with the general rule in the United States that the force or intimidation essential to robbery must either precede or be contemporaneous with, and not subsequent to, the taking.

"Without the force used by appellant here, the taking from [the victim] could not have been accomplished. That [the victim] died from the force used either immediately, or subsequently to the taking, does not make the offense any less a robbery." Id.

Under the law of Georgia, therefore, the fact that Young's victim was incapacitated at the time of the taking cannot extricate his conduct from the definition of armed robbery in § 16-8-41 (a) (Code Ann. § 26-1902).

In *Moore,* supra, the defendant admitted that his purpose in going to the victim's house, where the fatal assault occurred, was to commit robbery. In the present case, the federal court appears to have concluded, based solely upon Young's statement, that Young did not intend to rob the victim at the time of the fatal assault. Absent a reliance upon Jackson v. Virginia, supra, in support of that determination, we conclude that the court's observations related to the *weight* of the evidence rather than constitutional sufficiency.

The evidence of intent to rob at the time of the shooting in this case clearly is sufficient under the very holding in Jackson v. Virginia. There, the United States Supreme Court stated: "From the circumstantial evidence in the record, it is clear that the trial judge could reasonably have found beyond a reasonable doubt that the petitioner did possess the necessary intent at or before the time of the killing." 443 U. S. supra, at pp. 324-5. This determination was made in spite of Jackson's own statement to the contrary.

The ruling in Jackson is consistent with Georgia cases which hold that the element of malice may be implied from the circumstances surrounding the homicide. *Holt v. State,* 247 Ga. 648, 649 (278 SE2d 390) (1981) and cits. The jury is entitled to reject the defendant's statement in favor of such circumstantial evidence.

We therefore adhere to our former ruling that "[a] review of the evidence adduced by the state in this case shows that it is legally sufficient to support the finding by the jury of . . . aggravating circumstances [(b) (2) and (b) (4)]." *Young v. State,* supra, at p. 856.

It will be seen that such a standard for the assessment of evidence is a manifest necessity to the operation of any orderly and sensible system of criminal justice. Without it, courts would be bound

inextricably to whatever version a defendant might offer. Thus, a bank robber apprehended in a circle of dead bodies would be entitled, as a matter of law, to acquittal upon his testimony that multiple homicide was reasonably necessary to protect himself from a combined felonious assault upon him by bank personnel. Or, every domestic killing would result in acquittal upon the surviving partner's testimony that the deceased launched attack with a butcher knife. Or, every burglar would be set free upon his statement that his entry into the dwelling of another at midnight was without intent to commit a felony or theft.

*Judgment affirmed. All the Justices concur, except Hill, C. J., who concurs in part and dissents in part.*

DECIDED MAY 25, 1983 —
REHEARING DENIED JULY 7, 1983.

*Donald W. Huskins, James A. Nolan,* for appellant.
*Joseph H. Briley, District Attorney, Norman R. Miller, Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.

HILL, Chief Justice, concurring in part and dissenting in part.
At Young's trial, the state introduced evidence from which the jury was authorized to find the following facts: Mr. Reuben Flynt, vice president of the Farmer's Bank in Union Point, Georgia, was shot and killed in his home on December 15, 1975. At approximately 11:30 a.m. December 15, Young and his nephew drove from Atlanta to Union Point (a distance of about 75 miles). Young was carrying a .22 caliber pistol. Arriving in Union Point, Young and his nephew drove to the Farmer's Bank looking for Mr. Flynt's car, then to Mr Flynt's home, returned to the bank, and then returned to Mr. Flynt's home where they saw Flynt's car.
Young entered Flynt's home, shot him four times at close range, removed Flynt's billfold from his rear pocket, and hit the victim several times with the pistol.
Young and his nephew then returned to the bank where Young sent the nephew inside with the victim's wallet. The nephew said: "The man that gave me this billfold said for you to give me $60,000 or he will kill Reuben Flynt in 15 minutes." The nephew was given about $10,000, and police arrested him as he was leaving the bank. Young fled.
When Young was arrested, the .22 pistol was found in the car. Ballistics evidence showed that pistol to be the murder weapon. The

victim died from loss of blood.

The jury was authorized not to believe the following self-serving statements made by Young: That Young went to the victim's home to discuss overdue bank loans; that Young did not carry the pistol with him when he first went to the victim's door; that Young and the victim argued over the unpaid loans; and that the idea to get money from the bank did not occur to Young until after the victim had been shot.

The jury found Young guilty of murder, armed robbery and robbery by intimidation, and it imposed the death penalty for the murder based on two statutory aggravating circumstances, that the murder was committed while the offender was engaged in the commission of an armed robbery, OCGA § 17-10-30 (b) (2) (formerly Ga. Code Ann. § 27-2534.1 (b) (2)), and that the offender committed the murder for the purpose of receiving money, OCGA § 17-10-30 (b) (4) (formerly Ga. Code Ann. § 27-2534.1 (b) (4)).

After his convictions and death sentence were affirmed by this court, *Young v. State,* 237 Ga. 852 (230 SE2d 287) (1976), and the denial of his petition for habeas corpus was affirmed, *Young v. Ricketts,* 242 Ga. 559 (250 SE2d 404) (1978), cert. denied sub nom. Young v. Zant, 442 U. S. 934 (1979), Young sought habeas relief in the federal district court urging, among other grounds, that his trial counsel rendered ineffective assistance and that the evidence did not support the statutory aggravating circumstances. The district court found the evidence insufficient to support those aggravating circumstances and vacated the death penalty for that reason as well as for ineffective assistance of counsel during the sentencing phase of trial. Young v. Zant, 506 FSupp. 274, 280-281 (M.D. Ga. 1980).

Young and the state appealed. The circuit court in its opinion dealt with the question of ineffective assistance of counsel. The circuit court noted the district court's finding that the evidence as to armed robbery was insufficient to support the first aggravating circumstance and said: "This deficiency in the evidence should have been sufficiently clear to [defense counsel] to suggest a strong argument that Young did not rob Flynt by use of an offensive weapon and thus could not be guilty of armed robbery. . . ." Young v. Zant, 677 F2d 792, 799 (11th Cir. 1982). The circuit court granted habeas relief as to the guilt phase of Young's trial based on ineffective assistance of counsel.

Based on the foregoing, Young contends first that double jeopardy prevents his being retried for armed robbery and robbery by intimidation, and he argues next that double jeopardy prevents the state from seeking the death penalty on the two statutory aggravating circumstances referred to above. Young argues that the evidence as to

the crimes of armed robbery and robbery by intimidation has been found to be insufficient and hence that retrial on those charges is barred, as is the imposition of the death penalty based on the corresponding aggravating circumstances. I will deal first with the crimes themselves and then with the aggravating circumstances. Regarding the crime of robbery by intimidation, the evidence is undisputed that Young and his accomplice drove from the murder victim's home to the bank, that the accomplice presented the victim's wallet to a teller and said "The man that gave me this billfold said for you to give me $60,000 or he will kill [the victim] in fifteen minutes," that the accomplice received about $10,000, and that the idea for this crime was Young's.

OCGA § 16-8-40 (formerly Ga. Code Ann. § 26-1901) provides: "(a) A person commits the offense of robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another: . . . (2) By intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another. . . ." The evidence in this case is sufficient to prove robbery by intimidation and neither the district court nor the circuit court of appeals has found to the contrary. The district court found only that Young did not contemplate taking money from the bank until after the shots had been fired and the blows struck, Young v. Zant, supra, 506 FSupp. at 280, and thus that the evidence as to the second aggravating circumstance — murder for the purpose of receiving money — was insufficient. The court below did not err in overruling Young's plea of double jeopardy as to the crime of robbery by intimidation.

Regarding the crime of armed robbery, the evidence shows that Young drove from Atlanta to Union Point, Georgia, taking a .22 caliber pistol with him, that Young shot the victim four times at close range, and that Young then took the victim's billfold from his rear pocket and then hit the victim, who was still alive, with the pistol.

OCGA § 16-8-41 (a) (formerly Ga. Code Ann. § 26-1902) provides: "A person commits the offense of armed robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another by use of an offensive weapon. . . ." The jury was authorized to find Young guilty of armed robbery regardless of when the intent to take the victim's billfold arose, regardless of whether the victim was incapacitated and even if the victim had been killed instantly. See *Moore v. State,* 233 Ga. 861 (2b) (213 SE2d 829) (1975), cert denied, 428 U.S. 910 (1976). A person is guilty of armed robbery under OCGA § 16-8-41 (a) (Code Ann. § 26-1902), supra, when the victim is shot before the taking as well as when the victim is shot after the taking, or is not shot at all. See *Moore*

*v. State,* supra.

In my view, the evidence is sufficient to prove armed robbery in this case and neither the district court nor the circuit court of appeals has found to the contrary. That issue was not before either court. See Young v. Zant, supra, 677 F2d at 799, n. 12. The district court found that the jury could only speculate that Young intended to rob the victim before committing the murder, Young v. Zant, supra, 506 FSupp. at 280-281, and thus that the evidence as to the first aggravating circumstance — murder committed *in the course* of an armed robbery — was insufficient (emphasis in the district court opinion, Young v. Zant, supra, 506 FSupp. at 280).

As for the armed robbery, the circuit court merely observed that Young's attorney could have made an "argument that Young did not rob [the victim] by use of an offensive weapon and thus could not be guilty of armed robbery. . . ." Young v. Zant, supra, 677 F2d at 799. That a lawyer was ineffective because he could have made an argument is not a finding that the evidence was insufficient. The court below did not err in overruling Young's plea of double jeopardy as to the crime of armed robbery.

Regarding the sufficiency of the evidence as to murder committed in the commission of an armed robbery and as to murder committed for the purpose of receiving money, the district court, whether right of wrong, found the evidence as to both these aggravating circumstances to be insufficient. Young v. Zant, supra, 506 FSupp. at 280-281.

The state appealed, Young v. Zant, supra, 677 F2d at 794, and the circuit court did not reverse the district court's finding and conclusions as to the sufficiency of the evidence as to either aggravating circumstance.

Under Bullington v Missouri, 451 U. S. 430, 442-446 (101 SC 1852, 68 LE2d 270) (1981), and Burks v. United States, 437 U. S. 1 (98 SC 2141, 57 LE2d 1) (1978), double jeopardy prevents Young from being retried and sentenced to death for either of these aggravating circumstances regardless of our view of the sufficiency of the evidence to support those aggravating circumstances and notwithstanding the trial jury's findings that Young murdered Mr. Flynt while engaged in the commission of an armed robbery and that Young murdered Flynt for the purpose of receiving money. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

I therefore concur in the majority opinion insofar as it affirms the overruling of Young's plea of double jeopardy as to the crimes of armed robbery and robbery by intimidation, but I am bound to dissent insofar as the majority affirms the overruling of Young's plea of double jeopardy as to the two aggravating circumstances. Thus, I

am forced to conclude that Young cannot be resentenced to death. *Godfrey v. State,* 248 Ga. 616, 625 (dissenting opinion by Hill, P. J.) (284 SE2d 422) (1981), cert. denied 456 U. S. 919 (1982).