## 39988. GRIFFIN v. THE STATE.

WELTNER, Justice.

Griffin shot and killed his wife with a handgun. He was convicted of murder and sentenced to life imprisonment.

On July 1, 1982, Griffin returned from a business trip to his home in Waycross, Georgia. Soon after his arrival, he and his wife left their home to visit a bar. An angry dispute ensued, and they continued to argue as they returned home. As the wife was attempting to unlock an inside door, Griffin walked up behind her with a pistol and leaned over her, placing his hand with the pistol against the door. Griffin's two sons were outside, where they overheard the argument but saw nothing. According to Griffin his wife had become overwrought and threatened to kill herself if he left her; she turned suddenly, reached up and seized his hand; she squeezed his finger which was on the trigger. The gun discharged, sending a projectile into her left temple; she fell forward and struck her head on a table before hitting the floor; Griffin dragged her into the middle of the room and ran onto the porch to call for help. He later told the police that his wife shot herself, and maintained that the

shooting was an accident.

One of Griffin's sons testified that he overheard Griffin say immediately before the gunshot, "Watch out for the gun." In their statements to the police, both sons said that they overheard a heated argument, and then saw Griffin come out of the house and remove his pistol from the car just before the shooting.

1. Griffin contends that the verdict is unsupported by the evidence.

Crime laboratory tests failed to reveal any sign of trace metals on the victim's hands, as would be likely had she squeezed Griffin's finger to cause the gun to discharge.

The autopsist testified that the two wounds on the victim's head were not of the type generally caused by a fall, but, in his opinion were consistent with blows inflicted with a revolver. Other testimony established prior acts of violence by Griffin against his wife.

The jury was entitled to reject the testimony of Griffin in favor of the circumstantial evidence. *Young v. State,* 251 Ga. 153 (303 SE2d 431) (1983). The evidence was sufficient to enable a rational trier of fact to find Griffin guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Griffin contends that the trial court erred in allowing into evidence as a part of the *res gestae* the statements of Griffin's sons. The statements were made approximately three hours after the shooting. The victim was pronounced dead only shortly theretofore. "[A] trial judge's determination that evidence offered as part of the *res gestae* is sufficiently informative and reliable as to warrant being considered by the jury will not be disturbed on appeal unless that determination is clearly erroneous." *Andrews v. State,* 249 Ga. 223, 228 (290 SE2d 71) (1982). We find no error here.

3. Griffin contends that the trial court erred in refusing to grant a mistrial after the state failed to provide to him copies of his sons' statements, which he had requested under Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

After the homicide, Griffin's sons were removed to Florida, and an order was entered prohibiting him from communicating with them.

The transcript shows that the trial court ordered that the state either produce the statements *or* make the two boys available to defense counsel for interview. Because counsel conducted the interviews, the requirements of the order were fulfilled. As to *Brady* considerations, we have reviewed the statements and find nothing exculpatory.

4. The trial court did not err in allowing the state to play for the jury a tape recording of an oral statement given to the police by

Griffin's son. When the son was called as a witness, the state was unsuccessful in several attempts to have him repeat before the jury certain aspects of his recorded statement.

The prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence. *Gibbons v. State,* 248 Ga. 858 (286 SE2d 717) (1982). We find no error.

5. The trial court did not err in denyng Griffin's motion for mistrial on the ground that the court had threatened defense counsel in the presence of the jury with sanctions for contempt. We view the colloquy between court and counsel as an effort by the court to expedite the case. We cannot say as a matter of law that the court's comment, albeit abrasive, was so inflammatory as to require a mistrial.

*Judgment affirmed. All the Justices concur, except Gregory, J., who concurs specially.*

DECIDED SEPTEMBER 8, 1983.

*M. C. Pritchard,* for appellant.
*Donnie Dixon, District Attorney, Richard E. Currie, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn,* for appellee.

GREGORY, Justice, concurring specially.

I concur in the judgment of the majority but would rest the ground of affirmance as to Division 2 of the majority opinion on a basis other than the res gestae exception to the rule against hearsay. The out-of-court declarations of Griffin's sons were not materially different from their in-court testimony. Thus, the error, if any, was harmless.