## No. 18,379.

### BEN BUSHNER *v.* OTTO BUSHNER.
(348 P. [2d] 153)

Decided December 14, 1959.   Rehearing denied January 18, 1960.

Mr. ROBERT D. INMAN, Mr. FRED M. WINNER, for plaintiff in error.

Mr. RAYMOND M. SANDHOUSE, Mr. CHARLES H. SAND-HOUSE, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE KNAUSS delivered the opinion of the Court.

THE parties to this writ of error are here in inverse order of their appearance in the trial court, where defendant in error was plaintiff and plaintiff in error was defendant. We shall refer to them as plaintiff and defendant as they appeared in the trial court, or by name.

This is the second time this case has been before this court. The issues herein are aptly set forth in *Bushner v. Bushner,* 134 Colo. 509, 307 P. (2d) 204. In that case the judgment of the trial court was reversed with direction to enter judgment in favor of plaintiff and to direct the defendant to make a conveyance of an undivided one-half interest in the property described in the complaint of plaintiff.

On April 24, 1957, the trial court entered a final judgment and decree in conformity with the opinion of this court in *Bushner v. Bushner,* supra. Defendant on the same day filed a motion for new trial on the ground of newly discovered evidence, which the plaintiff moved to strike. On May 6, 1957, the trial court granted the motion to strike.

Defendant brings the case here on writ of error and the sole question to be determined is: In Colorado after a judgment of a trial court is reversed by the Supreme Court and the trial court is directed to enter a specific judgment, may a motion for new trial on the ground of newly discovered evidence be filed, and if filed, must it be considered on its merits, or should it be stricken as contrary to procedural requirements?

Rule 59 (b), R.C.P. Colo., permits a motion for new trial to be filed within ten days after entry of judg-

ment. It is obvious that this must mean within ten days after entry of an adverse judgment. The motion for new trial in the instant case was filed the same day the first adverse judgment against defendant was entered.

Rule 59, R.C.P. Colo., provides in pertinent part:

"(A) Grounds. A new trial may be granted to all or any of the parties, and on all or part of the issues, after trial by jury, court or master. On a motion for a new trial in an action tried without a jury the Court may open a judgment if one has been entered, take additional testimony, amend Findings of Fact and Conclusions of Law or make new findings and conclusions, and direct the entry of a new judgment. Subject to the provisions of Rule 61, a new trial may be granted for any of the following causes: * * *

"(4) Newly discovered evidence material for the party making the application which he could not with reasonable diligence have discovered and produced *at the trial.*"

In *Townley, adm. v. Miller,* 139 Ohio 153, 38 N.E. (2d) 578, the Ohio court said:

"True it is important to have an end to litigation, but it is even more important that the end should be right. *By his petition for a new trial on the ground of newly discovered evidence, the plaintiff is not seeking to re-litigate something that has already been ruled upon; he is rather seeking a new adjudication on a different set of facts.*"

■ A party successful in a trial court has no reason to file a motion for a new trial on the ground of newly discovered evidence. All that new evidence could accomplish would be to fortify an already favorable decision. Had the decision been adverse to defendant's position in the first trial his counsel would unquestionably move for a new trial on the ground of newly discovered evidence as soon as that evidence was discovered. To hold that such a motion cannot be filed after reversal by the Supreme Court would be to hold that because of an

error of the trial judge, a party is deprived of an absolute right he would have had if the trial judge had made no error.

Reason and justice require that after reversal by the Supreme Court the party originally successful in the trial court (and only he) can file a motion for new trial on the ground of newly discovered evidence, and only on that ground.

In *Herb v. Pitcairn,* 149 Ill. 60, 36 N.E. 555, the court said:

"When the trial court sustained appellant's motion for a directed verdict and entered judgment in their favor, non obstante veredicto, in accordance with the above provisions of the civil practices act, *they had no occasion to make a motion for a new trial for the reason that judgment had been entered in their favor.*

"The reversal of that judgment by the appellate court did not deprive the appellants of the right to the judgment of the trial court upon all questions which could be properly raised by a motion for a new trial."

In *Daniels v. Butler,* 175 Ia. 439, 155 N.W. 1013, it was said:

*"As the appellees were successful in the court below, they had no occasion to present a motion for new trial or a petition to vacate the original decree and judgment. Indeed, the District Court in such a situation would not have entertained such a pleading. These appellees were not compelled to act until a decree was entered in the District Court against them, and, when that was done, they, on the same day, filed their application to vacate the final decree and judgment.*

*"Surely their action was timely. That a new trial may be had in the lower court either after affirmance or reversal here is well settled by the authorities."*

It is conceded by counsel for defendant that "The trial judge has vast discretion in passing upon the merits of a motion for new trial on the ground of newly discovered evidence when that motion is properly before him,

and, in the absence of abuse of discretion his decision on the merits of the motion will not be disturbed."

We now come to the inquiry whether the evidence proffered was newly discovered. We think not, and so did the trial court, although its ruling was not on that basis, but rather on the ground that there was no warrant under the rules for the filing of a motion for new trial on the ground of newly discovered evidence.

In his motion to strike plaintiff stated: "That the matters and things set forth on the tendered motion for New Trial constitute at most, an amplification of the matters heretofore presented by defendant * * *." The trial court said: "I have read this Motion for New Trial and it seems to me that the matters therein set out are matters that could have been ascertained either through discovery procedure or request for admissions and other methods * * *. They might have been able to obtain some of the information without the further expense of discovery. * * *"

All of the facts were well within the knowledge of defendant at the time of trial; he knew what he claimed he had paid for the land when he acquired title thereto from his brother; he knew or should have known that moneys paid were for seed wheat or as proceeds of grain grown on the subject land. Depositions were taken before trial and defendant had ample opportunity to learn the basis of plaintiff's claim and the evidence he proposed to introduce in support thereof; it was his duty to ascertain before trial the amount of grain grown on the subject property, and the court records were available to establish the fact that plaintiff's wife had secured a divorce from him; defendant knew or should have known for what purpose he issued checks to plaintiff. The motion itself sets forth "That the facts set forth herein were in existence at the time of trial but were wholly unknown to the defendant at the time of trial."

[3] That the evidence proffered was not "newly discovered" is apparent from defendant's own statements,

hence the trial court erred in sustaining the motion to strike. That motion should have been denied, and the motion for a new trial considered and overruled.

There must be an end to litigation, therefore, the cause is remanded to the trial court with direction to vacate the order striking the motion for new trial and to enter an order denying same.