No. 23121.

JOHN M. KENNEDY, III, BENJAMIN F. GREATHOUSE, TILLIE G. BROWN, ELIZABETH G. PROCTOR, ELSIE G. TALBOT, JESSIE GREATHOUSE AND CAROLYN G. MILLER *v.* CLARENCE W. BAILEY, JR., AND BEATRICE BAILEY SCHMOCK.
(453 P.2d 808)

Decided April 28, 1969.

44

CHARLES S. THOMAS, CLAYTON H. MORRISON, R. RUSSELL GRANT, V. G. SEAVEY, JR., for plaintiffs in error.

PETER L. GARRETT, RANGER ROGERS, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.*

THE controversy between the litigants in this case is here for the second time. Part of the factual background involved in this writ of error appears in *Bailey v. Kennedy*, 162 Colo. 135, 425 P.2d 304. In brief summary, those facts are that Morrison K. Bailey died in 1930 leaving a will in which his wife Katherine was named beneficiary of a testamentary trust. She also was given a testamentary power of appointment over the corpus of the trust. In the absence of an exercise of that power the trust assets were to be distributed to the heirs of Mr. Bailey.

Katherine, the wife, died in 1964 and a will executed by her in 1961 — with a codicil of 1962 — was offered for probate by those appearing in the instant action as plaintiffs in error. The heirs of Morrison Bailey offered a copy of another will executed by Katherine in 1963 in which all previously executed wills were expressly revoked. It was admitted that this 1963 will was itself intentionally destroyed by Katherine. In the case above cited this court held that the 1961 will was not revived by the destruction of the 1963 document. The mandate was that the trial court,

"vacate the order of probate of the questioned will (1961) and codicil and to distribute the trust property in the estate according to the last will and testament of Morrison K. Bailey, and the remainder in accordance with the laws of intestacy of this state."

The trial court following this mandate complied therewith by appropriate orders. The plaintiffs in error thereupon filed motions for a new trial based upon "newly discovered evidence." This evidence consists of a judgment entered in the District Court of the United States by the Honorable William E. Doyle on December 23, 1965, in which it was adjudged that Katherine was not mentally competent to convey real estate by deed on

---
*Retired Supreme Court Justice sitting under assignment by the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.

October 31, 1963, for the reason that she,
"* * * was the victim of continuous delusions of persecution and a paranoid condition was continually present during the time in question."

The federal court case was filed by John M. Kennedy, III, one of the plaintiffs in error, approximately one year prior to the trial of the case in the probate court which resulted in our opinion hereinabove mentioned. On April 15, 1964, plaintiff in the federal court case filed a petition with the probate court asking leave to file the action in the federal court, and this petition was granted. The complaint in that action contained an allegation that,

"On October 31, 1963, the deceased's mind was so affected by disease, drugs, desperation and the undue influence of the defendant, or one or more of said factors, that she was incapable of executing a valid deed."

The prayer of the complaint was that a deed executed and delivered by Katherine on October 31, 1963, be set aside. The probate court denied the motions for a new trial and the sole question now presented for determination is whether error was committed by the court in refusing to grant the motions.

As grounds for reversal of the judgment counsel for plaintiffs in error argue that the judicial determination of mental incompetency of Katherine to execute a deed in October 1963 warrants granting a new trial on a new issue to be raised in the probate proceedings, namely, was she competent in 1963 to revoke the 1961 will. Counsel asserts that:

"On account of that decision and only on account of it, counsel now believes that it is possible that the Testatrix was incapable of revoking her subsequent will by destroying it in the latter part of 1963 or of revoking her prior will and codicil by executing the subsequent will in June, 1963. Thus, the res gestae prior to the judicial determination should not be chargeable against counsel, as *his* knowledge of a fact. At the time of the will trial he did not believe the fact of legal incapacity, because by

diligent effort, he had information that she was competent until her decease."

In denying the motions for a new trial the lower court said, *inter alia:*

"In the matter here it appears to the court that there really is no new evidence, that the evidence you're talking about always existed, and it was always available and, as the Court sees it, is now buttressed by a judicial view in another court.

"The matter of surprise is not involved, or the matter of being deprived of the right to obtain that evidence. Such a situation is not present."

In so holding the trial court did not err.

R.C.P. Colo. 59 (a) (4) provides that,

"A new trial may be granted to all or any of the parties, *and on all or a part of the issues * * *"* on the grounds "of newly discovered evidence, material for the party making the application which he could not, with reasonable diligence have discovered and produced at the trial." (Emphasis added.)

The following requirements are essential to sustain a motion for new trial on the grounds of newly discovered evidence: (1) the evidence could not have been discovered in the exercise of reasonable diligence and produced at the trial, *Bushner v. Bushner,* 141 Colo. 283, 348 P.2d 153, 39 Am. Jur. *New Trial* § 159; (2) the evidence is material to some issue before the court under the pleadings, *Loeffler v. Crandall,* 129 Colo. 384, 270 P.2d 769, 39 Am. Jur. *New Trial* § 164; (3) if received, the evidence would probably change the result, 39 Am. Jur. *New Trial* § 165.

No issue of Katherine's mental competency was raised in the probate court during the trial of this action. Counsel for plaintiffs in error were aware of the fact that an issue of her competency had been raised in the federal court and could have been made in the probate court. Any supporting evidence presented in the federal court in litigation there pending could have been produced in

the probate court. However no such issue was tendered at any time prior to the opinion of this court which was announced on March 13, 1967, in *Bailey v. Kennedy, supra.*

In legal effect, the motions for new trial made no showing of the discovery of any new evidence which was pertinent to any issue tried in the probate court. Actually, what the plaintiffs in error attempt at this late hour is to reframe the issues and inject into the proceedings a complete new theory upon which they elected not to rely at the time of the trial. Moreover, the findings and judgment of the federal court in the action referred to would not be admissible in evidence in the probate court, for the reason that the federal court determination would not in any degree be binding upon the court or jury which might try the issue of the mental competency of Katherine to make a will in 1963, or thereafter to destroy it.

The judgment is affirmed.

MR. JUSTICE PRINGLE, MR. JUSTICE HODGES and MR. JUSTICE LEE concur.