548 P.2d 1292 (1975)
The CITY OF DELTA, a Municipal Corporation, Plaintiff-Appellee,
v.
Vern O. THOMPSON et al., Defendants,
v.
Ethel NAVE and James Redwood, Intervenors-Appellants.
No. 75-431.
Colorado Court of Appeals, Div. II.
December 11, 1975.
*1293 Nicholas E. Darrow, Delta, for plaintiff-appellee.
Joseph M. Epstein, Steven L. Zimmerman, Denver, for intervenors-appellants.
Selected for Official Publication.
ENOCH, Judge.
Ethel Nave and James Redwood (intervenors) appeal from a judgment entered pursuant to C.R.C.P. 54 which denied their motion to intervene of right in a suit pending between the City of Delta and Thompson, et al. We reverse.
The City of Delta initiated an action against Harold's Nursing Home located in Delta and several officials of the State of Colorado. In that action, the city alleged that the housing of persons in the nursing home who have been adjudicated mentally deficient or mentally ill, and the state's transference of such persons to the nursing home, violates the city's zoning ordinances. The intervenors are residents of the nursing home who have been adjudicated mentally deficient. On motion of the intervenors to intervene in the action and to represent the nursing home residents as a class, the trial court permitted representation of the class but denied the right to intervene.
C.R.C.P. 24(a)(2) establishes the three requirements for intervention of right.
The first requirement is "an interest relating to the property or transaction which is the subject of the action." In Dillon Co., Inc. v. City of Boulder, 183 Colo. 117, 515 P.2d 627, the court found sufficient interest in the action to allow intervention of right where the intervenors were neighbors of the subject property concerned in the zoning dispute. Here, the intervenors are the actual residents of the property concerned in the zoning dispute and will be removed from the nursing home if the plaintiff is granted its requested relief.
The second requirement is that the "disposition of the action may as a practical matter impair or impede his ability to protect that interest." Since the intervenors' ability to protect their interest in their residence will definitely be impaired by an adverse disposition of the action, the second requirement is met.
The third requirement is that the intervenors' interest will not be adequately represented by existing parties. Counsel for the nursing home stated, in the hearing on the motion, that they do not represent the residents and that they may not have standing to raise some of the constitutional arguments advanced by the intervenors. Neither are the interests of the intervenors being represented by the Attorney General, who represents the state officials. Although the Attorney General raises some constitutional arguments on behalf of the residents, his major allegation is that the state officials are not proper parties in the action. Thus, the intervenors are without adequate representation, and meet the third requirement for intervention of right. See Roosevelt v. Beau Monde Co., 152 Colo. 567, 834 P.2d 96.
The rules of intervention are to be liberally construed so that all related controversies may be settled in one action, Senne v. Conley, 110 Colo. 270, 133 P.2d 381, and the intervenors meet all the requirements of C.R.C.P. 24. Hence, they are entitled to intervention of right.
*1294 However, the appellee urges that the denial of the motion to intervene should be upheld because the record fails to demonstrate the existence of an attorney-client relationship between the named intervenors and the attorneys who entered an appearance on their behalf. Appellants, in response, argue that this is an assertion of cross-error not properly before this court.
The general rule is that an appellee must cross-appeal in order to have the appellate court consider any alleged error of the trial court prejudicial to the appellee. See Newt Olson Lumber Co. v. School District No. 8, 83 Colo. 272, 263 P. 723. However, since generally the appellate court may only consider on review issues raised in a motion for new trial, See C.R.C.P. 59(f), the prevailing party in the trial court would be required to file a motion for new trial in order to preserve for appellate review by cross-appeal any adverse ruling by the trial court which would become important if the appellate court reverses the judgment. This reading of the rules could result in the incongruous situation of a winning party being forced to file a motion for a new trial in order to insure that he could later file a notice of appeal, with the possibility that his motion for a new trial could be granted. Such an illogical and inefficient result cannot be countenanced by the judicial system.
This result may be avoided by adopting a rule similar to that long established in federal courts. This rule was stated by Justice Brandeis in United States v. American Railway Express Co., 265 U.S. 425, 44 S.Ct. 560, 68 L.Ed. 1087:
"The Southeastern insists that these claims, although adequately presented in the bill of complaint, cannot be availed of in this court, because they were overruled by the District Court and the American did not take a cross-appeal. The objection is unsound. It is true that a party who does not appeal from a final decree of the trial court cannot be heard in opposition thereto when the case is brought here by the appeal of the adverse party. In other words, the appellee may not attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary, whether what he seeks is to correct an error or to supplement the decree with respect to a matter not dealt with below. But it is likewise settled that the appellee may, without taking a cross-appeal, urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court or an insistence upon matter overlooked or ignored by it."
See also Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491; Olympic Fastening Systems, Inc. v. Textron, Inc., 504 F.2d 609 (6th Cir.).
The Colorado cases which have stated the general rule have been cases to which this exception, adopted from the federal courts, would not apply, since appellee was attacking the decree with a view to enlarging his rights thereunder, rather than merely supporting the judgment. See Newt Olson Lumber Co. v. School District No. 8, supra; Rio Grande Southern R. R. v. Colorado Fuel & Iron Co., 41 Colo. 3, 91 P. 1114; Seyfried v. Knoblauch, 44 Colo. 86, 96 P. 993; Valley National Bank v. Sensitronics, Inc., 497 P.2d 354 (Colo.App., not selected for official publication).
Additionally, in Bushner v. Bushner, 141 Colo. 283, 348 P.2d 153, the court stated that C.R.C.P. 59(b) requires that a motion for a new trial be filed within ten days after entry of an adverse judgment. Thus, it follows that a notice of cross-appeal need not be filed where the winning party merely wishes to advance arguments in support of his judgment. Hence, we hold that an appellee may, without the filing of a motion for new trial or a notice of cross-appeal, raise arguments in support of his judgment which would not increase his rights under the judgment, whether or *1295 not the trial court has ruled on those arguments.
In this case, the appellees have raised, in both the trial court and upon appeal, the issue of the authority of the attorneys to represent the clients on whose behalf they have entered an appearance. Since this is merely a second ground upon which this court could uphold the decision of the trial court, it is properly before this court even though no notice of cross-appeal was filed by appellee.
The trial court has the inherent authority to determine the attorney-client issue, Williams v. Uncompahgre Canal Co., 13 Colo. 469, 22 P. 806, but nevertheless failed to do so, and the record is insufficient for this court to make such a decision. Therefore, since we are reversing the judgment on the issue of the intervenors' right of intervention, the cause must be remanded for a hearing and ruling on the attorney-client issue by the trial court. See Aetna Casualty & Surety Co. v. Flowers, 330 U.S. 464, 67 S.Ct. 798, 91 L.Ed. 1024.
The judgment is reversed as to the issue of the intervenors' standing to intervene of right and the cause is remanded for a determination of the authority of the attorneys to represent the named intervenors.
PIERCE and KELLY, JJ., concur.