The PEOPLE of the State of Colorado, Petitioner,

In the Interest of P.N., S.N., Children,

And Concerning, K.N., John J. Althoff, Acting in his official capacity as District Court Judge, Division II, in and for the County of Weld, State of Colorado, and Weld County District Court Division II, Respondents.

No. 83SA106.

Supreme Court of Colorado, En Banc.

May 9, 1983.

Thomas O. David, Weld County Atty., Kathy E. Dean, Asst. County Atty., Greeley, for petitioner.

Robert M. Waldo, Greeley, guardian ad litem.

Steven Janssen, Boulder, for respondent K.N.

NEIGHBORS, Justice.

This is an original proceeding in which the petitioner seeks to prohibit the respondent district judge from holding a new trial on the petitioner's motion to terminate the parent-child relationship between the children, P.N. and S.N., and their father, K.N. The trial court granted K.N.'s motion for a new trial on the ground of newly discovered evidence. The petitioner then filed this case pursuant to C.A.R. 21. We issued a rule to show cause. We reverse the order of the trial court and make the rule absolute.

I.

A petition in dependency or neglect was filed by the People in the interest of P.N. and S.N. on November 13, 1979. P.N. and S.N. were adjudicated dependent and neglected children on May 2, 1980. A treatment plan was approved by the court on August 25, 1980. It was amended on February 9, 1981, and August 10, 1981. On February 8, 1982, the People filed a motion to terminate the parent-child legal relationship between the children and their father pursuant to section 19–11–103, C.R.S.1973 (1982 Supp. & 1978 Repl.Vol. 8).[1] A trial on the motion to terminate parental rights was held on April 28, 1982. On May 24, 1982, the respondent judge entered detailed findings of fact and an order terminating the parent-child relationship between the children and their father. At trial, the father presented no evidence. However, he was represented by counsel who cross-examined the witnesses called by the Weld County Department of Social Services (Department) and the guardian ad litem.

A disposition hearing was held on July 15, 1982, as required by section 19–11–106, C.R.S.1973 (1982 Supp. & 1978 Repl.Vol. 8). The father's lawyer asked the court for permission to withdraw from the case. The attorney informed the court that the father wanted another lawyer to review the record for a possible appeal and requested an extension of time to file a notice of appeal. As of that date, no motion for a new trial had been filed. The court granted the attorney's motion to withdraw and directed the Department to place the children for adoption as soon as possible. The court appointed new counsel for the father on July 16, 1982.

1. The children's mother relinquished her parental rights on February 11, 1980.

On November 15, 1982, K.N.'s attorney filed a motion for a new trial based on two grounds. First, K.N. claimed that his trial counsel inadequately represented him because the attorney refused to allow K.N. to testify at the termination hearing. Second, K.N. alleged that he had recently discovered evidence which could not have been discovered and produced at trial.[2]

A hearing on the new trial motion was held on December 7, 1982. At the conclusion of the hearing, the record indicates that the trial court denied K.N.'s motion for a new trial, insofar as it related to newly discovered evidence in the form of testimony from friends, relatives, and lawyers. However, the trial court agreed to hear testimony from K.N.[3] A further hearing was held on December 21, 1982. It is unclear from the record whether the court and counsel perceived the purpose of the hearing to be an extension of the original trial on the termination issue, a new trial, or an evidentiary hearing on the motion for a new trial. K.N. testified and was subjected to cross-examination. The court also permitted the petitioner to present rebuttal testimony from the caseworker employed by the Department. Following the hearing, counsel for the parties prepared written closing arguments. The captions of the written arguments indicate they were directed to K.N.'s motion for a new trial.

The court next held a hearing on February 9, 1983. Counsel for the parties agreed that they were requesting a ruling by the respondent judge on K.N.'s motion for a new trial.

During the course of the hearing, K.N. withdrew his claim that he had been incompetently represented by his trial counsel. The incompetency argument was premised on K.N.'s assertion that he was not permitted to testify at trial. Since the court entertained his testimony at the December 21, 1982, hearing, the claim of incompetency was no longer viable. The focus of K.N.'s argument for a new trial on the ground of newly discovered evidence was that he did not understand the treatment plan and its amendments.

During the hearing, the respondent judge first denied the motion for a new trial, but later reversed that ruling. The trial court gave two reasons for granting the new trial. First, new counsel for K.N. intended to pursue a different theory at trial, *i.e.*, K.N. did not understand the treatment plan. Second, the permanent placement of the children in either K.N.'s home or an adoptive home could be accomplished more quickly than if an appeal were taken from the court's order terminating the parent-child relationship.[4]

2. The motion for a new trial on the ground of newly discovered evidence was timely filed within six months as required by C.R.C.P. 59(b).

3. The court's ruling and the colloquy between the court and counsel is as follows:
"THE COURT: Well, the Court will grant Mr. N. an opportunity to testify, but as far as the other newly discovered evidence, there's no basis for this Court to allow a new trial based on the allegation that there's recently discovered evidence.
We'll hear Mr. N. on his assertion that he was denied the right to testify . . . .
All right, for this purpose only, we'll take the testimony of Mr. N. . . .
MR. JANSSEN: Is it just to whether or not he was allowed to testify or to what he would like to say?
THE COURT: No, no, what he wants to say."

4. The respondent judge's ruling and his discussion with the county attorney is as follows:

"THE COURT: The Court is going to reverse its decision and the Court is going to grant a new trial on the theory that it was very difficult to present the case in two parts. Now we have counsel, new counsel, with a certain theory, and he will be given an opportunity to try the case over. We'll try it as soon as possible. Now when do we have the very first time available? I think this is in the interest of the children also.
MS. DEAN: What's the new theory?
THE COURT: On the theory that it was a burden for him to try the case having another independent theory. Mr. Janssen entered the case and found a different theory than that which was used. This Court is going to grant a new trial on that basis.
MS. DEAN: Is that because it was incompetent?
THE COURT: No, that's not the ruling. All lawyers are not going to take the same approach to a case. Mr. Kramer took one approach; and that approach I'm inferring in-

## II.

We first address the issue of whether this case is properly before us in an original proceeding. We are persuaded it is. Relief in the nature of prohibition is a proper remedy in cases where the trial court is proceeding without or in excess of its jurisdiction, or has abused its discretion in exercising its functions over matters within its authority to decide. *People v. Gallagher,* 194 Colo. 121, 570 P.2d 236 (1977); *City of Colorado Springs v. District Court,* 184 Colo. 177, 519 P.2d 325 (1974). We will not interfere with a trial court's decision to grant or deny a new trial absent a clear showing of an abuse of discretion. *People v. Gallagher, supra.* Accordingly, the issue presented in this case is whether the respondent judge abused his discretion in granting K.N.'s motion for a new trial.

## III.

We have adopted a three-part test to be applied in a case where a new trial is sought on the ground of newly discovered evidence. First, the applicant for a new trial must establish that the evidence could not have been discovered in the exercise of reasonable diligence and produced at trial. Second, it must be shown that the evidence was material to an issue before the court. Third, the applicant must establish that the evidence, if admitted by the court, would probably change the result of the trial. *Kennedy v. Bailey,* 169 Colo. 43, 453 P.2d 808 (1969); *American National Bank of Denver v. Christensen,* 28 Colo.App. 501, 476 P.2d 281 (1970). We must, therefore, decide whether the alleged newly discovered evidence, *i.e.,* the fact that K.N. did not understand the terms of the treatment plan, justifies a new trial.

## A.

The record establishes that K.N. failed to meet the first element of the test. K.N.'s motion for a new trial specifically states that his trial attorney knew of K.N.'s request to testify at trial, but refused to permit him to take the witness stand. Where the facts relied upon by the father were within his knowledge at the time of trial, the evidence to which he points as warranting a new trial was not newly discovered. *Bushner v. Bushner,* 141 Colo. 283, 348 P.2d 153 (1959). A motion for a new trial on the ground of newly discovered evidence should be denied where the name of the witness and the nature of the anticipated testimony were known to the applicant for a new trial during or prior to trial. *Gasper v. People,* 83 Colo. 341, 265 P. 97 (1928).

A new trial on the ground of newly discovered evidence may not be granted merely because new counsel believes that evidence of a fact may be material in a case where the original attorney had knowledge of that fact at trial and elected not to offer evidence of it. *Kennedy v. Bailey, supra; Herron v. Allen,* 32 S.D. 301, 143 N.W. 283 (1913). The decision of whether a party should testify on his own behalf is a matter of sound trial strategy adopted by trial counsel to further the client's best interest. *Young v. Ricketts,* 242 Ga. 559, 250 S.E.2d 404, *cert. denied,* 442 U.S. 934, 99 S.Ct. 2870, 61 L.Ed.2d 304 (1978). A litigant is bound by the choice of litigation procedures and tactical decisions made by his attorney. *Schleiger v. Schleiger,* 137 Colo. 279, 324

---

volved advising Mr. N. not to testify, that his testimony would do him more harm than good. And I will not fault Mr. Kramer on that as counsel at that time. It may have been the wisest advocacy demonstrated in this court in two years. But now we have another attorney in it that is taking another tactic, and I think he's entitled to do it from the outset.

Furthermore, I think the children probably will be available to go back into Mr. N.'s home or go to an adoptive parent home faster by the procedure that this Court is applying; namely, granting them a new trial.

Now you were not confronted, the County was not confronted with the theory that Mr. N. didn't understand the treatment plan. That theory was never tried. That was not used in the first case. It was injected into the case following the first trial.

MS. DEAN: But isn't that a strategic decision?

THE COURT: It's a strategic decision, and it's the decision of this Court to grant a new trial. . . ."

P.2d 370 (1958). In the absence of a showing of incompetence on the part of trial counsel, the client is bound by the decisions made during the course of a trial on the issue of termination of parental rights.

### B.

■ The second requirement for a new trial on the ground of newly discovered evidence requires a determination of whether the evidence is material to the issues before the trial court. Under section 19–11–105(1)(b)(I), C.R.S.1973 (1982 Supp. & 1978 Repl.Vol. 8),[5] the trial court must make a finding that either the parent has not complied with an appropriate treatment plan or that the plan has not been successful. K.N.'s proffered evidence that he did not understand the terms of the treatment plan would be relevant to the issue of noncompliance. Under appropriate circumstances, such evidence might also be relevant to the issue of whether the plan has been successful. Although K.N.'s proffered evidence might be material to the issue of termination, it does not necessarily follow that he is entitled to a new trial. It was incumbent upon K.N. to satisfy not only the first part of the test, a requirement he failed to meet, but also the third criterion to which we now turn.

### C.

The burden of proof was on K.N. to establish that his lack of understanding of the treatment plan would probably have changed the result of the termination proceeding. K.N.'s evidence does not meet this requirement for several reasons. The respondent court's findings of May 24, 1982, entered after the termination trial, included an express determination that K.N. had made a good faith effort to comply with the treatment plan and its modifications. The court further found that the treatment plan was unsuccessful due to K.N.'s mental and emotional deficiencies, and not because of any lack of reasonable compliance on his part. Since the termination decree was based, in part, on the appropriate treatment plan being unsuccessful because of K.N.'s mental and emotional inadequacies, his asserted lack of understanding of the plan played no part in the court's decision to terminate the parent-child legal relationship. K.N.'s proffered evidence, therefore, would not likely change the result reached at the termination trial.

### D.

We have been unable to locate any authority supporting the proposition advanced by K.N. that a new trial may be ordered when a new attorney enters an appearance in a case and believes that a different theory may prove successful to the client at a retrial. Granting new trials to test alternative trial strategies would open a floodgate of litigation. A losing party would be encouraged to obtain new counsel and file a motion for a new trial on the ground that the new attorney has a different theory of the case. In short, there would be no end to litigation in any case. *People v. Holtzman*, 1 Ill.2d 562, 116 N.E.2d 338 (1954).

■ In *Kennedy v. Bailey, supra,* we held that the motion for a new trial, which asserted a new theory and was not based on evidence that could be characterized as "newly discovered," was properly denied by the trial court. We stated:

"Actually, what the plaintiffs in error attempt at this late hour is to reframe

---

**5.** Section 19–11–105, C.R.S.1973 (1982 Supp. & 1978 Repl.Vol. 8), provides in pertinent part:

"19–11–105. *Criteria for termination.* (1) The court may order a termination of the parent-child legal relationship upon the finding of either of the following:

(a) That the child has been abandoned by his parent or parents as set forth in section 19–3–111(3);

(b) That the child is adjudicated dependent or neglected and all of the following exist:

(I) That an appropriate treatment plan approved by the court has not been reasonably complied with by the parent or parents or has not been successful;

(II) That the parent is unfit;

(III) That the conduct or condition of the parent or parents is unlikely to change within a reasonable time."

258

the issues and inject into the proceedings a complete new theory upon which they elected not to rely at the time of the trial."

169 Colo. at 48, 453 P.2d 808. Our decisions here and in *Kennedy* are consistent with the rule adopted by other courts. A motion for a new trial on the ground of newly discovered evidence will not be granted where counsel seeks to advance at a second trial a new theory based on different evidence which was available during the first trial. *Sharp County v. Northeast Arkansas Planning & Consulting Co.*, 269 Ark. 336, 602 S.W.2d 627 (1980); *State ex rel. State Highway Commission v. Nickerson & Nickerson, Inc.*, 494 S.W.2d 344 (Mo.1973); *Mergele v. Houston,* 436 S.W.2d 951 (Tex.Civ. App.1968).

There must be finality to litigation involving children. The respondent court found by clear and convincing evidence that the statutory criteria for termination of the parent-child legal relationship had been met at the trial. K.N. does not allege that the evidence was insufficient. Indeed, the court's findings indicate the evidence supporting termination of parental rights was overwhelming. To require P.N. and S.N. to undergo more uncertainty so that their father can pursue a different theory at a second, if not third, trial is wholly improper and inconsistent with the protection afforded them by the Children's Code. *See People in the Interest of C.A.K.*, 652 P.2d 603 (Colo.1982). The respondent judge clearly abused his discretion in granting K.N.'s motion for a new trial on the ground of newly discovered evidence.

### IV.

The order entered by the respondent judge granting a new trial is reversed. The rule is made absolute.