737 P.2d 431 (1987)
The PEOPLE of the State of Colorado, Plaintiff-Appellee, In the Interest of L.G., a Child,
And Concerning: R.G., Respondent, and L.G., Respondent-Appellant.
No. 85CA1462.
Colorado Court of Appeals, Div. II.
February 26, 1987.
Rehearing Denied April 2, 1987.
*432 William Thiebaut, Jr., Asst. Co. Atty., Pueblo, for plaintiff-appellee.
Judith Firestone, Pueblo, for respondent-appellant.
SMITH, Judge.
Respondent, L.G., appeals the order of the trial court terminating the parent-child relationship between her and her daughter, L.G., II. (the child) We affirm.
This action was initiated on October 20, 1982, when a petition was filed against L.G. and her husband, R.G., alleging that the child, a new-born infant, was dependent or neglected. At the time, both parents were in-patients at the Colorado State Hospital. L.G. had a diagnosis of chronic organic brain syndrome related to a brain tumor for which she had undergone surgery when she was nine years old. She also suffered from a severe seizure disorder. R.G. was admitted to the hospital pursuant to a verdict of not guilty to first degree murder by reason of insanity.
The parties stipulated that the child was, in fact, dependent or neglected and a treatment plan was approved by the court which required both parents, inter alia, to participate fully in psychiatric treatment and demonstrate significant progress towards the solution of all psychiatric problems, to secure and maintain stable independent living arrangements appropriate for their child, to maintain regular visits with the child, to demonstrate understanding of her parenting needs, and to engage in counseling with the caseworker from the Department of Social Services (DSS) for the purpose *433 of learning and improving parenting skills.
On April 23, 1984, DSS filed a motion to terminate the parent-child relationship between the child and both of her parents. A hearing on the matter was held in January 1985. At that time, L.G. had recently been discharged from the Colorado State Hospital and was being treated in that facility's partial care program. She was also pregnant.
Because the court was concerned about the effect an adverse ruling in this case might have on the mother and unborn child, it continued the matter for the issuance of its order until after the expected child was born. On September 3, 1985, the hearing was resumed solely for the purpose of taking additional testimony to update the court concerning any new developments which had occurred since the parties had been in court in January.
During this hiatus in the proceeding, the attorney who represented L.G. at the January portion of the hearing left the employ of the Pueblo County Legal Services, and on July 31, 1985, a new attorney was appointed to the case. On August 8, 1985, the new attorney requested a continuance so that she would have time to prepare adequately for the conclusion of the hearing. She further requested that an expert be appointed to examine L.G. Both motions were denied, the hearing was resumed, and the court entered its order terminating the parent-child relationship between L.G., R.G., and the child on September 4, 1985.

I.
L.G. argues that the trial court erred in failing to make findings showing that it had considered and specifically eliminated less drastic alternatives to termination. She further alleges that the court erred in failing to find that under no reasonable circumstances could the welfare of the child be served by continuing the parent-child relationship. We disagree.
The criteria which the trial court must apply when terminating parental rights under circumstances in which, as here, the dependency or neglect petition is filed on or after July 1, 1977, are set forth in § 19-11-105, C.R.S. (1986 Repl. Vol. 8B). While § 19-11-105 does not require a trial court to make express findings that it has considered and eliminated less drastic alternatives, adherence to the statutory criteria set forth therein implicitly requires that a court consider and reject these alternatives before entering an order of termination. People in Interest of M.M., 726 P.2d 1108 (Colo.1986).
While it is a better practice for the trial court to enter specific findings on this issue, as long as the court's findings conform to the statutory criteria for termination and are adequately supported by evidence in the record, a reviewing court may presume that the trial court considered and eliminated less drastic alternatives. People in Interest of M.M., supra.
Similarly, if the trial court adequately addressed the criteria set forth in § 19-11-105, implicit in its findings is a determination that under no reasonable circumstances could the welfare of the child be served by continuing the parent-child relationship. In this case, the trial court specifically addressed each of the criteria set forth in § 19-11-105 and its findings are adequately supported by evidence in the record, thereby permitting us to presume that less drastic alternatives were considered and eliminated and that the court found that under no reasonable circumstances could the welfare of the child be served by continuing the parent-child relationship.

II.
L.G. next argues that the treatment plan approved by the court was not appropriate within the meaning of § 19-11-105(1)(b)(I) because it did not adequately take into account the fact that she suffers from a severe seizure disorder, she learns better by example, and she may have lower than normal intelligence. We disagree.
The purpose of a treatment plan is to preserve the parent-child relationship, if possible, by assisting the parents in overcoming the problems which led to the finding *434 that the child was neglected or dependent. The appropriateness of the plan must be evaluated by examining the likelihood of success in accomplishing this purpose. People in Interest of M.M., supra; People in Interest of C.A.K., 652 P.2d 603 (Colo. 1982); People in Interest of B.J.D., 626 P.2d 727 (Colo.App.1981). The fact that a treatment plan is not ultimately successful does not mean that it was therefore inappropriate since, in many cases, it is virtually impossible to devise a plan which will guarantee success. People In Interest of M.M., supra.
During the time the treatment plan was in effect, L.G. was treated for her seizure disorder by a neurologist who testified at the termination hearing that she continued to have seizures even when properly taking her medication and that her prognosis for complete control of the seizure disorder was guarded. In his opinion, she would not be able to care for a child except with supervision and help.
The treatment plan does not specifically address L.G.'s seizure disorder, but we conclude from the expert testimony that there was nothing which could have been added to it which, in combination with her medical treatment, would have assisted L.G. in overcoming this problem.
L.G. also argues that the treatment plan was inappropriate because it failed to take into account that she learns better by example and that she may have lower than normal intelligence. However, testimony at the hearing established that DSS was aware of L.G.'s limitations and, pursuant to the treatment plan, tried several different methods of intervention with her in the attempt to find an effective way to improve her ability to parent her child. The fact that the DSS personnel were unsuccessful in finding one which would achieve the desired results does not render the plan inappropriate.

III.
L.G. next argues that the trial court erred in denying her motion for appointment of an expert witness. We disagree.
Section 19-11-107, C.R.S. (1986 Repl.Vol. 8B) provides that:
"An indigent parent has the right to have appointed one expert witness of his own choosing whose reasonable fees and expenses, subject to the court's review and approval, shall be paid by the state of Colorado pursuant to § 19-11-110."
The September 3rd portion of the hearing was solely for the purpose of presenting additional evidence to update the court concerning any new developments which had occurred since the hearing in January. The court specifically told counsel in January when it ordered a continuance of the hearing that it would not entertain evidence at the September portion of the hearing which was known to them and available in January. Although L.G. was represented by a different attorney at the September hearing, this order by the court makes it clear that she did not have the prerogative of adopting a new trial strategy or presenting evidence at that time which could have been presented at the January hearing.
Further, L.G. did not request appointment of an expert until August 8, 1985, at which time she also requested a continuance because the evaluation by the expert would probably not be completed prior to the hearing. While § 19-11-107 does give an indigent parent the right to have an expert witness appointed on her behalf, such a request must be made within a reasonable time prior to the hearing.
L.G. further argues that she was denied effective assistance of counsel because the court failed to appoint the expert witness.
The decision of whether to request appointment of an expert is ordinarily a matter of trial strategy, and a litigant is bound by the choice of litigation procedures and tactical decisions made by his attorney. In the absence of a showing of incompetence on the part of counsel, a client is bound by the decisions made during the course of the proceedings on the issue of termination of parent's rights. See People in Interest of P.N., 663 P.2d 253 (Colo.1983). Since L.G. has made no showing of incompetence, and since our review of the record reveals none, we find *435 that she was not denied effective assistance of counsel.

IV.
L.G. next argues that the trial court abused its discretion and she was denied effective assistance of counsel when the court denied her motion to continue the final day of the hearing. She urges that the need for such continuance was apparent from the fact that her counsel was assigned the case only one month prior to the final day of the termination hearing, did not represent L.G. at the first three days of the hearing, received the transcript of the initial hearing less than one week prior to the final hearing, and had requested the court appoint an independent witness to evaluate L.G. We disagree.
A motion for a continuance is addressed to the sound discretion of the trial court and its ruling will not be disturbed on review in the absence of a clear abuse of discretion. People in Interest of M.M., supra.
Here, the trial court had already granted several continuances, one because another attorney appointed by legal services had not been prepared prior to a scheduled hearing. Again, both parties had already presented evidence relevant to termination at the January hearing and all that remained for the September 3rd portion of the hearing was to update the court so that its decision could be based on current information.
In light of the importance of reaching a final disposition in this matter, we find that the trial court did not abuse its discretion in denying the motion for a continuance. Further, there has not been any showing of incompetence to support an ineffective assistance of counsel claim. See People in Interest of P.N., supra.

V.
L.G. next argues that the trial court erred in failing to grant her motion for a continuance when testimony on the final day of hearing on September 3rd established that R.G.'s mother had requested DSS to consider her as a possible placement option for the child and where testimony concerning the results of an investigative report by DSS which recommended against such placement was admitted into evidence. The report had not been made available to L.G. prior to the hearing and the author of the report was not available for cross-examination.
Again, the granting or denial of a motion for continuance is within the sound discretion of the trial court and will not be reversed on appeal absent a clear abuse of that discretion. People in Interest of M.M., supra.
The record shows that counsel for L.G. initiated inquiry into the existence and results of the report which was prepared by DSS for a case involving L.G.'s other child. Because she "opened the door" to questioning concerning the report, the People were entitled to cross-examine the witness on the topic.
Further, L.G. does not argue that the availability of R.G.'s mother as a possible placement resource was not known or could not have been raised at the January hearing. At that time the court considered evidence concerning possible alternatives for termination, and we perceive no abuse of discretion in its denial of a continuance here where the only purpose of the hearing was to update the court concerning new developments in the case.

VI.
L.G.'s next contention is that the trial court erred in qualifying a case worker from DSS to give an expert opinion regarding her ability to parent.
While expert testimony may not be required in cases of this kind, the court's decision to allow a witness to testify as an expert will not be disturbed without a clear showing of an abuse of discretion. People v. District Court, 647 P.2d 1206 (Colo.1982). The evidence presented at trial showed that this caseworker had a degree in social science and education, had been a certified teacher, and was the parent of a two-year-old himself.
*436 These credentials provided a sufficient basis for the trial court to allow him to testify as an expert regarding L.G.'s ability to parent. We therefore find no abuse of discretion.

VII.
L.G. next argues that the trial court erred in finding that she was unfit and would not change within a reasonable time.
A review of the record indicates that the evidence adduced at the hearing supports these conclusions, and therefore, they will not be disturbed on review. People in Interest of C.A.K., supra.
L.G. further alleges that the trial court erred in finding that she had problems with memory and intellectual functioning because these findings were made without any evidence in the record to support them. Our review of the record indicates that there was sufficient evidence supporting these conclusions, and consequently, they are binding on review. People in Interest of C.A.K., supra.
Accordingly, the order terminating L.G.'s parental rights is affirmed.
KELLY and STERNBERG, JJ., concur.