25CA0634 Marriage of Dexter 06-11-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0634
Adams County District Court No. 23DR30021
Honorable Rayna Gokli McIntyre, Judge

In re the Marriage of

Gary Dexter,

Appellee,

and

Christina Dexter,

Appellant.

JUDGMENT AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE FREYRE
Johnson and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 11, 2026

Erskine Family Law PLLC, Christopher A. Erskine, Highlands Ranch, Colorado, for Appellee

Christina Dexter, Pro Se

¶ 1    In this dissolution of marriage proceeding concerning Christina Dexter (wife) and Gary Dexter (husband), wife appeals the district court's denial of her C.R.C.P. 60(b) motion and its denial of her subsequent C.R.C.P. 59 motion. We affirm.

## I.    Background

¶ 2    The district court dissolved husband and wife's marriage of almost eight years. The parties have two children, both of whom were minors when the court entered the divorce decree. The court issued permanent orders addressing, as relevant here, property allocation, maintenance, and attorney fees. The court made the following orders:

- wife to retain the marital home and refinance to remove husband's name from the mortgage within six months;

- wife to retain a 2017 Land Rover, which included a $30,000 loan balance;

- $70,000 in cash, held in wife's counsel's trust account, to be "released to [wife] to pay her outstanding attorney fees";

- husband to pay wife $113,700 as an equalization payment; and

- husband to pay wife $9,300 monthly for three years and one month in maintenance.

After the court issued permanent orders, wife's attorney withdrew and filed a lien to recover unpaid fees.

¶ 3     Husband filed an "Unopposed Motion for Extension of Time to Request Post-Trial Relief Pursuant to C.R.C.P. 59," which the court granted. Husband then filed a motion requesting amendments to the permanent orders (motion to amend).

¶ 4     Meanwhile, wife filed many pro se motions. These motions alleged that her former attorneys improperly accepted a filing deadline extension for the modification of permanent orders without her consent and forced her to use retroactive child support and maintenance funds from temporary orders to pay legal fees. Wife's motions also alleged that husband concealed and mishandled marital assets, because he was seen driving new vehicles. Wife requested that the court appoint a forensic accountant and twice requested that husband be held in contempt. In various orders, the court deemed wife's request for a forensic accountant untimely and denied her requests that husband be held in contempt.

¶ 5     The court addressed husband's motion to amend and some of wife's motions in one order (the amended order).  The court found and ordered the following.

- It lacked jurisdiction to address "allegations of misconduct or malpractice against [wife's] counsel."

- Wife had not "sufficiently alleged that [husband's non-disclosure of assets such as luxury vehicles] is newly discovered evidence[,] which could not have, with reasonable diligence, . . . been discovered and produced at trial."

- To avoid damage to husband's credit from wife's nonpayment of the marital home's mortgage, husband was to make these payments and offset the amount from funds from the home's eventual refinance or sale.

- To avoid damage to husband's credit from wife's nonpayment of the 2017 Land Rover loan, husband was to make these payments and "offset the amount [he] pays in the equalization payment."

- The court, at permanent orders, "failed to adjust maintenance to account for the non-taxable nature of the award and to equitably allocate the tax burden."  The court recalculated

3

maintenance, reducing it by twenty-five percent, to account for the fact that husband's maintenance payments were not tax deductible. *See* § 14-10-114(3)(c)(XII), C.R.S. 2025. Wife's new monthly maintenance amount was $6,960.

- The court indicated it would issue a separate order regarding the attorney lien.

¶ 6 Wife filed a motion to vacate the amended order, which repeated her claims that (1) her attorneys acted unethically in agreeing to the post-trial motion extension and improperly garnished retroactive maintenance to pay the attorney lien; and (2) husband fraudulently concealed assets, including a "Lamborghini valued at $240,000," "a McLaren valued at $280,000," and a "GMC Truck." She also claimed that husband withheld maintenance for three months, preventing her from refinancing the home, and otherwise financially abused her. The court denied wife's motion to vacate, reiterating that it did "not have jurisdiction to address any allegations of ethical misconduct by [wife's] counsel" and indicating, (1) again, that it would issue a separate order regarding the attorney lien; and (2) that order would also relate to maintenance payments.

¶ 7     In its order regarding the attorney lien and maintenance, the court determined that wife's former counsel was entitled to $164,000 in unpaid fees. It again ordered $70,000, which had not yet been released from wife's counsel's trust account as had been ordered at permanent orders, to be directed toward the attorney fee payment and entered a lien for the remainder of $94,000. And it ordered husband to remit wife's maintenance payments to wife's former attorney until the lien was satisfied.

¶ 8     Wife filed a motion to set aside the amended order and order regarding the attorney lien and maintenance, and to "reopen the financial issues in this matter," pursuant to C.R.C.P. 60 and 16.2. Although wife contends that her allegations fall under many subsections of Rule 60(b), we construe them as falling under Rule 60(b)(1) or (b)(2). As relevant here, wife made the following allegations.

- The court erred by reducing her maintenance and equalization awards without a modification motion, updated financial statements from husband, or an evidentiary hearing.
- She did not receive proper notice of husband's modification request in violation of her right to due process.

- Husband concealed marital assets. She attached an exhibit showing husband's purchase of a McLaren for $145,300 and showing that husband had purchased another car after permanent orders.

- Her former counsel acted unethically by failing to object to the post-trial motion extension and they did not "protect court-awarded financial orders."

- Because the court ordered that her maintenance payments be made directly to satisfy the attorney lien, she could not make her mortgage payments on the marital home.

¶ 9 The court denied the motion in a short order, stating that wife had "not met the standards in C.R.C.P. 60 for the [c]ourt to grant relief pursuant to section (b)." The court also incorporated the following prior rulings: (1) its denial of wife's motion to vacate, which itself references the reasoning of the amended order; (2) its combined order denying her motions to reconsider its decision requiring husband to remit maintenance payments to pay the attorney lien, reiterating her attorneys' allegedly unethical actions, and requesting that maintenance and equalization payments be

placed in escrow; and (3) its order placing $70,000 in trust for attorney fees and entering the first lien.

¶ 10    Wife then requested, pursuant to Rule 59(a)(4) and (a)(5), that the court amend its order denying her Rule 60(b) motion to address her due process allegations and to include "specific findings of fact and conclusions of law." The court denied that motion as untimely.

¶ 11    Wife appeals the court's denial of her 60(b) motion, seeking "to restore [her] lawfully awarded maintenance and equalization" and to "address due process failures and systemic misconduct that occurred after permanent orders were entered.".

## II.    Briefing on Appeal

¶ 12    Husband argues that wife's appeal should be dismissed because she fails to identify the standard of review, applicable law, or preservation as required by C.A.R. 28 and 32. While we agree that wife's brief does not fully comply with the appellate rules, we were able to understand her contentions. We therefore deny husband's request. *See Valentine v. Mountain States Mut. Cas. Co.*, 252 P.3d 1182, 1186 (Colo. App. 2011) (addressing the merits of arguments even though the briefs failed to comply with C.A.R. 28 and 32); *Barr Lake Vill. Metro. Dist. v. Colo. Water Quality Control*

*Comm'n*, 835 P.2d 613, 615 (Colo. App. 1992) (declining to dismiss an appeal for failure to comply with C.A.R. 28).

### III.   Timeliness of Appeal

### A.   Notice of Appeal

¶ 13    Husband argues that wife did not timely file a notice of appeal under C.A.R. 4.  We disagree.  A notice of appeal "must be filed . . . within [forty-nine] days after entry of the judgment, decree, or order being appealed."  C.A.R. 4(a)(1).  Here, wife appeals the court's April 1 and April 7, 2025, denials of her Rule 60(b) and Rule 59 motions.  She filed her notice of appeal on April 10, 2025, well within the forty-nine day time limit.

### B.   Post-Trial Motions

¶ 14    Husband also argues that wife failed to timely appeal the January 8, 2025, post-trial relief orders.  Again, we disagree.

¶ 15    A party must file a motion to set aside a judgment for mistake, fraud, or misconduct [under Rule  60(b)(1) or (2)] "not more than 182 days after the judgment, order, or proceeding was entered or taken."  C.R.C.P. 60(b).  Courts strictly adhere to that time limit. *Good Life Colo., LLC v. WLCO, LLC*, 2025 COA 8M, ¶ 77.  Courts

lack authority to provide relief under Rule 60(b)(1) and (b)(2) after that time has lapsed. *Id.*

¶ 16 Wife filed her Rule 60(b) motion seeking to amend the court's January 8, 2025, amended orders eighty-three days after the court entered the amended orders, on April 1, 2025. To the extent wife's motion attacks the January 8, 2025, judgment, it was untimely. C.R.C.P. 59(a) (motion filed pursuant to Rule 59 must be filed within fourteen days of the entry of judgment). Wife filed her motion within fourteen days of the court's order regarding her 60(b) motion; so, in so far as her motion attacked the court's denial of her 60(b) for alleged lack of findings or legal conclusions, it was timely. However, the record belies this claim. The order includes references to the court's previous orders — many of which include findings of fact — and the court reached a legal conclusion based on those facts.

IV.   Arguments We Will Not Address

A.   Wife's Former Counsel

¶ 17 Wife argues that her former counsel, through the law firm's conduct after withdrawal, breached their fiduciary duties and committed financial misconduct and civil theft. This is not the

proper forum for wife to pursue these claims. Our role is to review final judgments and orders, not to determine allegations of attorney misconduct. *See* C.A.R. 1(a)(1); § 13-4-102(1), C.R.S. 2025; *see also In re Org. of N. Chaffee Cnty. Fire Prot. Dist.*, 544 P.2d 637, 638 (Colo. 1975) ("The purpose of an appellate court is to [r]eview judgments, not to make them . . . ."); *see also* C.A.R. 3(d)(2)(B) (requiring the notice of appeal to specify "the judgment, order or parts being appealed"). Likewise, the district court did not err in declining to address this issue because it does not have jurisdiction over attorney misconduct claims. *In re Storey*, 2022 CO 48, ¶ 34 (The supreme court "has exclusive jurisdiction over attorneys and the authority to regulate, govern, and supervise the practice of law in Colorado to protect the public.").

### B. July 15, 2025, Order

¶ 18    Wife argues that the court's July 15, 2025, order — issued after wife filed her notice of appeal — reaffirming permanent orders and denying husband further relief supports reinstatement of the permanent orders' financial terms. Because there was no way for husband to know that this court action would be contested on appeal, we decline to address this issue. *See Converse v. Zinke*, 635

10

P.2d 1228, 1229 (Colo. App. 1979), *rev'd in part on other grounds*, 635 P.2d 882 (Colo. 1981) (notice of appeal that did not designate judgment appealed was not erroneous when there was no doubt which court action was being appealed).

## C. Business Valuation

¶ 19 Wife argues for the first time on appeal that she was prevented from participating in the valuation of the marital business and that the court's valuation, therefore, "did not reflect the true scope of assets and liabilities." Wife did not preserve this issue for our review. To preserve an issue for appeal, the issue must be brought to the attention of the trial court, and the court must be given an opportunity to rule on it. *Berra v. Springer & Steinberg, P.C.,* 251 P.3d 567, 570 (Colo. App. 2010), *as modified on denial of reh'g* (Sept. 23, 2010). Here, wife does not point to any evidence in the record, nor can we locate any, that the district court had an opportunity to address this issue.

## V. Wife's Remaining Arguments

¶ 20 Wife argues that the court improperly denied her Rule 60(b) motion for various reasons, which we address in turn below.

11

A.     Standard of Review and Applicable Law

¶ 21     "[T]he decision to grant relief under [Rule] is generally within the trial court's discretion and is reviewed for abuse of discretion." *Goodman Assocs., LLC v. WP Mountain Props., LLC*, 222 P.3d 310, 314 (Colo. 2010). A court abuses its discretion when it rests its decision on a misunderstanding or a misapplication of the law. *Harriman v. Cabela's Inc.*, 2016 COA 43, ¶ 19.

¶ 22     Rule 60(b) provides a remedy for a party seeking to set aside a final judgment. *See* C.R.C.P. 60(b) ("On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding" for the reasons specified in the rule.). "A final judgment is one 'which ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding.'" *Wilson v. Kennedy*, 2020 COA 122, ¶ 7 (citation omitted). As relevant here, once a court enters a final judgment, the party against whom the judgment was entered can seek relief under Rule 60(b) based on "(1) [m]istake, inadvertence, surprise, or excusable neglect; [or] (2) fraud . . .,

12

misrepresentation, or other misconduct of an adverse party," among other bases.

B.    Amended Order Procedure

¶ 23    Wife alleges that the district court erred when it amended her maintenance and equalization amount — from $9,300 to $6,960 — without a "formal motion, sworn financial disclosures, or an evidentiary hearing."  As we understand her argument, she alleges that a formal motion, financial disclosures, or evidentiary hearing were required pursuant to Rule 16.2(e)(10) and section 14-10-122, C.R.S. 2025.  She also asserts that the Joint Trial Management Certificate (JTMC) filed before the permanent orders hearing — which she alleges indicated that no modification of maintenance was sought — precludes a modification motion.  We disagree.

¶ 24    Here, husband did not file a motion to modify maintenance pursuant to section 14-10-122.[1]    And we see nothing in the JTMC, nor does wife point to anything, indicating either that the parties

---

[1] Insofar as this claim relates to wife's later claim that husband failed to disclose his alleged purchase of luxury vehicles, we determine below that the court did not err in concluding that wife had not met her burden to introduce this evidence.

stipulated to the maintenance amount or that they agreed to forego any modification.

¶ 25     Instead, husband filed a timely motion pursuant to Rule 59 alleging that the court erred in its permanent orders maintenance calculations.  Pursuant to this rule, husband's motion was all that was required for the court to amend its findings and judgment. C.R.C.P. 59(a)(3), (a)(4).  Moreover, Rule 59(i) indicates that the granting of a Rule 59(a)(3) and (a)(4) motion is a final appealable order.  On appeal, however, wife only contends that the procedure was in error, not the merits of the decision.  We perceive no error in the court's application of Rule 59 and its subsequent amendment of the maintenance amount.

C.     Using Maintenance and Equalization to Pay Lien

¶ 26     Wife argues that the district court erred in directing her maintenance and equalization payments to the payment of the attorney lien.  The court did not abuse its discretion.

¶ 27     The attorney lien statute provides, in relevant part, that "[a]ll attorneys . . . shall have a lien on any money, property, choses in action, or claims and demands in their hands, on any judgment they may have obtained or assisted in obtaining, in whole or in part

14

. . . ." § 13-93-114, C.R.S. 2025.  The Colorado Supreme Court, in *Samuel J. Stoorman & Assocs., P.C. v. Dixon*, 2017 CO 42, ¶ 7 (interpreted an identical older version of this statute) .  It held that "[t]he plain language of the attorney's lien statute applies to maintenance payments that the attorney may have obtained or assisted in obtaining, and therefore . . . an attorney's charging lien may attach to an award of spousal maintenance." *Stoorman*, ¶ 7. Accordingly, the court did not err in requiring husband's maintenance payments to go directly to pay wife's attorney lien.

¶ 28     By the same logic, the plain language of section 13-93-114 allows the court to assign wife's equalization payment to the payment of her attorney lien.  Attorneys may have a lien on any property they obtained for their client.  Here, because the attorneys helped obtain the equalization payment for wife, it could properly be remitted to the attorneys for payment of the lien.

¶ 29     To the extent wife also argues that her former attorneys did not satisfy the requirements of C.R.C.P. 121, section 1-22(b), we perceive no error.  Wife's payment of her own outstanding attorney fees does not fall within the scope of this practice standard.  And to the extent wife claims that the full amount of maintenance

shouldn't go towards the lien because she cannot pay her mortgage, she does not develop this argument, so we do not address it further. *See In re Marriage of Zander*, 2019 COA 149, ¶ 27, *aff'd*, 2021 CO 12.

D.    Concealed Marital Assets

¶ 30    Wife asserts that husband "purchased a McLaren with $100,000 down payment . . . [and] also acquired a GMC Denali, a BMW, and a Mercedes registered jointly in his and his mother's names." She also asserts that husband "funneled marital business funds to his mother under the guise of 'contract labor,' which was never performed." The district court determined that wife had not shown that, with reasonable diligence, she could not have discovered concealment before the permanent orders. We perceive no abuse of discretion.

¶ 31    Rule 59(d)(4) lists as one of the grounds for granting a new trial "[n]ewly discovered evidence, material for the party making the application which that party could not, with reasonable diligence, have discovered and produced at the trial."

¶ 32    Courts review the application of Rule 59(d) using a three-part test:

first, the applicant must establish that the evidence could not have been discovered by the exercise of reasonable diligence and produced at the first trial; second, it must be shown that the evidence was material to an issue in the first trial; and third, the applicant must establish that the evidence, if admitted, would probably change the result of the first trial.

*Aspen Skiing Co. v. Peer,* 804 P.2d 166, 172 (Colo. 1991); *see People v. Distel,* 759 P.2d 654, 660 (Colo. 1988); *People in Interest of P.N.,* 663 P.2d 253, 256 (Colo. 1983); *Kennedy v. Bailey,* 453 P.2d 808, 810 (Colo. 1969).

¶ 33    With regard to the purchase of new vehicles, as we understand it, the court concluded that wife had not met the third part of the test: the result of the permanent orders hearing would not have been different given the information wife had provided.  The court could not find, as it stated, that "simply because [husband was] in possession of a new McLaren that he misused marital funds during the divorce to obtain it."  Wife provided the court with evidence that husband had, for example, purchased tires for a Lamborghini, but she did not provide evidence that husband had used marital funds to purchase them.  Similarly, wife also provided the court with photos of luxury vehicles with new, temporary registration plates.

17

But she did not provide evidence of how husband paid for these vehicles, if he did. We therefore perceive no abuse of discretion in the court's determination that wife had not met her burden pursuant to Rule 59.

¶ 34 Concerning the contract labor funds, as we understand it, the court decided that "any actions that [husband] took prior to the parties' separation should have been presented during the [permanent orders] hearing." And, while wife made this same contention in the JTMC filed in advance of the permanent orders hearing, wife, through counsel, later filed a stipulation agreeing with husband regarding the business value. Wife, therefore, abandoned this issue. *See Brody v. Hellman*, 167 P.3d 192, 199 (Colo. App. 2007) (an issue not pursued in the district court through disposition is abandoned for the purposes of appeal).

## E. Evidentiary Hearing

¶ 35 Finally, wife argues that "due process requires an evidentiary hearing when material facts are in dispute." Specifically, she asserts that she "raised issues not addressed at trial, including fraudulent liens, unreported vehicle purchases, misuse of business funds, and procedural violations," as well as "new facts." We have

18

addressed each of these issues, in turn, above.  To the extent wife now claims that each of these issues implicated her right to due process, she did not preserve this issue before the district court and we cannot address it.  *See Berra,* 251 P.3d at 570.

¶ 36    Wife also argues that she was not afforded a hearing on attorney fees from one of her contempt motions, but we perceive no error in the court's failure to provide a hearing.  The record shows that she, through counsel, stipulated to vacating that hearing.  To the extent wife contends that her former counsel acted unethically to prevent her from pursuing this hearing, we again conclude that we do not have jurisdiction over her complaint.  *See* C.A.R. 1(a)(1); § 13-4-102(1).

## VI.    Attorney Fees and Costs

¶ 37    Wife requests that we award her attorney fees incurred on appeal.  As grounds for an award of attorney fees, she cites section 14-10-119, C.R.S. 2025, contending that there is a significant disparity in the parties' financial resources.  *See In re Marriage of Alvis,* 2019 COA 97, ¶ 30 (determining that a court may consider the parties' relative financial circumstances when awarding attorney fees pursuant to section 14-10-119).  We remand to the

district court to determine whether wife is entitled to an award of her appellate attorney fees pursuant to section 14-10-119, and, if so, in what amount. *See In re Marriage of Martin*, 2021 COA 101, ¶ 42.

## VII.   Disposition

The judgment is affirmed and the case is remanded for further proceedings on wife's request for appellate attorney fees under section 14-10-119.

JUDGE JOHNSON and JUDGE KUHN concur.